**THORPE INSULATION COMPANY,**
Appellant,

v.

**Howard Donald RICE, Appellee.**

No. 3677.

Court of Civil Appeals of Texas.

Eastland.

Jan. 5, 1962.

Rehearing Denied Feb. 9, 1962.

John Richardson (The Kempers), Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellant.

Harry P. Jarvis, Jerome J. Pope, Houston, for appellee.

WALTER, Justice.

Howard Donald Rice filed suit against Thorpe Insulation Company for damages caused by injuries sustained by him while working at the Humble Refinery in Baytown. He was employed by General Boiler Casing Company. Thorpe also had a crew of men working on the refinery job. The case was submitted on the theory of res ipsa loquitur. Based on the verdict, a judgment was rendered in favor of Rice for $4,000.00.

Thorpe has appealed contending the court erred (1) in denying its motion for an instructed verdict (2) in denying its motion for a judgment notwithstanding the verdict (3) by submitting issues 2, 3 and 4 (4) by rendering judgment for $4,000.00, because it is excessive, and (5) in the admission of evidence.

Rice pleaded specific acts of negligence and in the alternative res ipsa loquitur. He alleged that, as he bent over his tool box, a block of insulation dropped from above by one of Thorpe's crew hit him on the head. He alleged that as a result of the blow he sustained a severe concussion of the brain and a whiplash injury to the neck.

Thorpe answered by a general denial and pleaded contributory negligence, unavoidable accident and assumed risk. Thorpe also pleaded the things Rice complained about were caused solely by acts of persons over whom it had no control; that if the insulation was dropped by one of its employees, he had departed from his work and was therefore not its employee at such time.

■ Res ipsa loquitur is a rule of evidence and is applicable if the record shows (1) the injury was the result of an act or omission of the defendant (2) that an instrumentality by which the harm was caused or produced was in the exclusive possession of the defendant, and (3) that the calamity was one which is ordinarily averted by the taking of customary precautious or preventive measures. 30 T.J. Sec. 129, page 803: "It is now well settled, however in this state that in a proper case for the application of the rule the fact of the occurrence warrants an inference of negligence, but does not compel it; that the presumption created by the happening, whether termed a presumption or an inference, is rebuttable. The effect of the application is not to shift the burden of proof to the defendant, but only the burden of going forward with the evidence. It is stated in 45 C.J. p. 1219, that the general rule as affecting burden of proof is that where plaintiff has established a presumptive or prima facie case of negligence, by virtue of the doctrine of res ipsa loquitur, it is incumbent upon defendant, if he wishes to avoid the effect of the doctrine, to introduce evidence to explain, rebut, or otherwise overcome the presumption or inference that the injury complained of was due to negligence. The rule thus stated is firmly established in this state." Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659 at page 664.

Rice's testimony revealed the following: He was working on scaffolds about 35 feet above ground on a large structure at the refinery. While he was bent over reaching in his tool box, he was struck on the back of his head and neck by a block of insulation 2 inches thick, 12 inches wide and 24 inches long. It was unusual for such an object to fall on such a job, and that he knew the object came from above. On cross-examination he was asked, "There were a number of other crews, a number of other men, besides men wearing the badge of Thorpe Insulation Company, working above you, too, were there not?" He answered: "No Sir." Rice and his fellow employees wore safety hats painted yellow and badges with yellow background. Thorpe's employees wore blue hats and blue

badges. The insulation men were working directly above Rice. He observed a truck at the job which was hauling the insulation material with Thorpe's name on one of the doors.

It was stipulated that Thorpe had the contract for the insulation work on the structure in question and had fourteen employees working in the Baytown Humble Refinery area.

After regaining his senses, Rice went up to see who dropped the insulation, "but he couldn't get no one to own up to who dropped it." When asked, "was there anybody above you up there where you went up but what was wearing a blue hat and badge?" "No Sir," I say, "No Sir." "There wasn't no one working on that vessel besides the ones with the blue hat on the exterior where we were working."

Thorpe offered no evidence.

Our Supreme Court in Barker v. Coastal Builders, 153 Tex. 540, 271 S.W.2d 798, speaking through Justice Griffin, said: "In considering the evidence to determine whether there is evidence to support the jury's answer to Special Issue No. one, we must consider that evidence most favorable to the Barkers, as they were the party prevailing in the trial court."

■ We hold the record contains some evidence of probative value on the essential elements necessary to invoke res ipsa loquitur.

■ Rice testified that he went to see Dr. Matson at Parkview Clinic the day after his accident. He was off work two or three days, went back to work for two days and had to quit because, "too much pain for me to go on working, to much aggravation." He went to Dr. Matson for about two weeks and then went to Dr. J. L. Walker who examined and treated him. He was examined and treated by Walker on five occasions. He was given light treatment and his neck was placed in traction. He was also examined by Dr. Thorning.

At the time of trial, about three years after the accident, Rice testified he felt better but was still having trouble with dizziness and pain in the base of his skull. He was also having trouble with his neck and numbness in his arms which slowed him down when he worked. Based on Rice's testimony we find the verdict is not excessive.

■ On pages 72, 73, 74 and 75 of the statement of facts, we find Dr. Thorning's testimony on cross-examination by appellant's counsel. The only pages of the statement of facts referred to by appellant in his brief under points 19 and 20 are the ones listed above. The testimony complained of is not set out in appellant's brief with reference to the pages of the record where the same may be found. We hold appellant failed to comply with Rule 418 Texas Rules of Civil Procedure.

■ We have, nevertheless, considered appellant's objection to the hypothetical question propounded to Dr. Thorning. We find the testimony of Rice was sufficient to support the supposed facts in his counsel's hypothetical question to Dr. Thorning. "Counsel propounding the question is entitled to the witness' opinion upon any combination of facts inferable from the proof." McCormick and Ray-Texas Law of Evidence, Sec. 1403, page 240.

In answer to hypothetical question, Dr. Thorning testified there was a probability Rice had sustained nerve root pressure in his neck and that in his opinion such condition was probably permanent.

■ Appellant's point that there was no evidence to support the submission of the damage issue is without merit. In answering the damage issue, the jury was instructed they could take into consideration Rice's physical and mental suffering from date of injury to date of trial; such suffering which they believed he would in reasonable probability suffer in the future and such sums of money as Rice may have lost as a

result of loss of time from his work from date of injury to date of trial.

Although its point of error asserts there is no evidence to support the submission of the damage issue, appellant only complains about one element, namely, future physical and mental suffering. The evidence was sufficient to warrant a finding of $4,000.00 damages without consideration of future pain and suffering.

We have considered all of appellant's points and we find no merit in them. They are overruled.

The judgment is affirmed.