Roy **DUDLEY, Jr.,** Appellant,

v.

**HUMANA HOSPITAL CORPORATION and Dr. Lynn L. Pearson,** Appellees.

No. C14–90–054–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 12, 1991.

Barbara A. Parsons, Houston, for appellant.

Kathryn A. Fitzgibbon, William Sherwood and Richard A. Sheehy, Robert L. Ramey, M. Karinne McCullough, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Roy Dudley, Jr. appeals from a take nothing judgment rendered in his medical negligence suit against Dr. Lynn L. Pearson and Humana Hospital Corporation. Appellant brings twelve points of error claiming the trial court erred in excluding certain testimony. We affirm.

Appellant first consulted Dr. Pearson, an orthopedic surgeon, in April 1985 regarding an arthritic condition of the right hip. On April 22, 1985, appellant entered Humana Hospital Clear Lake and Dr. Pearson performed a total hip replacement. Dr. Pearson performed additional hip surgery on appellant in October, 1985.

Appellant subsequently filed suit against Dr. Pearson alleging negligence in attachment of the trochanter bone to the hip, causing the trochanter to pull away from the hip joint and requiring additional surgery. Appellant further alleged that Dr. Pearson was an impaired physician because he was under federal investigation regarding possible illegal dispensation of prescription drugs. Appellant also sued Humana Hospital Corp. alleging negligence in allowing Dr. Pearson to continue performing surgery while the federal investigation was pending.

During trial, appellees objected to appellant's witnesses and deposition testimony regarding the criminal investigation, charges, indictment, conviction, and the dissolution of Dr. Pearson's medical partnership. Appellees objected to this evidence on the grounds that the evidence was irrelevant and more prejudicial than probative. The trial court agreed with appellees and excluded this evidence.

Following appellant's presentation of evidence, the trial court granted Humana's motion for directed verdict and granted a partial directed verdict in favor of Dr. Pearson. The jury exonerated Dr. Pearson of the remaining allegations of negligence and the trial court entered judgment that appellant take nothing.

■ In points of error one through seven, appellant challenges the trial court's exclusion of appellant's testimony regarding the allegations that Dr. Pearson was an "impaired physician" and the exclusion of deposition testimony regarding the federal criminal investigation against Dr. Pearson, its effect on Dr. Pearson's surgical ability,

Dr. Pearson's conviction, medical license suspension, and prison sentence, and the break-up of Dr. Pearson's medical partnership. Appellant also challenges the exclusion of the deposition testimony of two witnesses presenting opinions regarding the hospital's failure to act after learning of the federal investigation and regarding the impact of stress on Dr. Pearson's surgical ability. Appellant claims that this testimony was probative and relevant to the issues of Dr. Pearson's and the hospital's negligence.

■ The decision whether to admit or exclude evidence is one within the trial court's discretion. *See Champlin Oil & Refining Co. v. Chastain*, 403 S.W.2d 376, 389 (Tex.1965). Under Rule 403, a trial judge may exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice...." TEX.R.CIV.EVID. 403. Even if the trial court abused its discretion in excluding evidence, this error is not reversible unless it "was reasonably calculated to cause and probably did cause a rendition of an improper judgment in the case." *Harrison v. Texas Employers Ins. Ass'n*, 747 S.W.2d 494, 498 (Tex.App.—Beaumont 1988, writ denied). *See also* TEX.R.APP.P. 81(b)(1). Reversible error does not usually occur in connection with evidentiary rulings unless appellant demonstrates that the whole case turns on the particular evidence excluded or admitted. *See Texaco, Inc. v. Pennzoil, Inc.*, 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. dism'd*, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988).

Appellant contends that the evidence in question tended to show that Dr. Pearson was negligent in continuing to practice and perform surgery while he was under the stress of a federal criminal investigation. Furthermore, appellant argues that this evidence concerned the hospital's negligence in failing to suspend Dr. Pearson's hospital privileges. Appellant does not challenge the instructed verdict in favor of the hospital or the jury's finding that Dr. Pearson was not negligent in his treatment of appellant. Thus, appellant apparently believes

that the trial court would not have granted the instructed verdict and that the jury would have found Dr. Pearson negligent had the trial court admitted the evidence regarding the federal investigation and its effects.

The evidence that Dr. Pearson was under federal investigation for illegally dispensing prescription drugs at the time he performed the hip surgery on appellant was, at best, only circumstantial evidence that Dr. Pearson might have been under stress at the time of the surgery. Furthermore, the testimony of Dr. Zoran Cupic and Dr. Sallye Webster would have been opinion testimony based on hypothetical questions about the stress effects of a federal criminal investigation. Appellant offered no direct evidence that Dr. Pearson actually exhibited any symptoms of stress at the time of the surgeries on appellant. Thus, the excluded evidence would have raised mere suspicion of the existence of stress and this is an insufficient basis for admission of circumstantial evidence. *See Lumbermen's Underwriting Alliance v. Bell*, 594 S.W.2d 569, 570 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). As the court stated in *Bell:*

> Although facts may be established circumstantially, the circumstances themselves must be shown by direct evidence, and cannot be inferred from other circumstances nor can a presumption of fact rest upon a fact presumed; in other words, it is not admissible to go into the domain of conjecture and pile one presumption upon another.

*Id.*

The evidence of the investigation of Dr. Pearson would have raised mere conjecture that he was under stress at the time of the surgeries on appellant. The evidence that was admitted, including testimony of the next doctor to treat appellant, indicated that Dr. Pearson had used accepted surgical procedures. Based on this evidence, the jury found that Dr. Pearson was not negligent in the procedures used. To agree with appellant's position, we would have to find that, had the jury learned of the investigation, conviction, sentence and

dissolution of Dr. Pearson's medical partnership, they would have ignored the evidence that Dr. Pearson followed accepted surgical procedures and would have instead found Dr. Pearson negligent.

The record shows that the trial court excluded this evidence on the ground that its probative value was substantially outweighed by the danger of undue prejudice. We agree with the trial court's ruling. Absent any evidence that Dr. Pearson actually exhibited any symptoms of stress at the time of the surgeries, the evidence of the investigation and the opinion testimony based on hypothetical questions about the effects of such an investigation were mere conjecture. There must be more. For probative value to outweigh prejudicial effect, there must be some direct evidence that he had specific symptoms of stress. Otherwise, we find ourselves reasoning backwards: the operation was not successful, the Doctor had some personal problems that were probably stressful, therefore the Doctor's stress must have caused him to do some act of negligence that proximately caused the damage. If the Doctor was found to be negligent, the stress element would be immaterial; but for it to be an admissible factual link to the question of negligence, there must at a minimum be some direct evidence of its existence in the Doctor's behavior. We agree with the trial court that the probative value of evidence of the federal criminal investigation, conviction, and sentence for illegally dispensing prescription drugs, suspension of Dr. Pearson's medical and prescription licenses, and dissolution of his medical partnership was greatly outweighed by the danger of prejudice and confusion of the issues. Thus, the trial court properly excluded it.

■ As against the hospital, appellant wanted to introduce testimony about the hospital's knowledge of the investigation and opinion testimony based on hypothetical questions about the actions a hospital should take when a physician is under such an investigation. The trial court also excluded this evidence on the ground that its probative value was substantially outweighed by the danger of undue prejudice and confusion of the issues. Again, we agree with the trial court's ruling. Because appellant offered no direct evidence that Dr. Pearson actually exhibited any symptoms of stress at the time of the surgeries on appellant, any evidence of the investigation or its hypothetical effects would have raised mere suspicion that Dr. Pearson was in any way impaired such that the hospital should have terminated his surgical privileges. The weak probative value of this evidence is greatly outweighed by the danger that it would have prejudiced the jury. We find no error in the trial court's exclusion of this evidence as it related to Dr. Pearson or to the hospital. Consequently, we overrule points one through seven.

■ In points eight through eleven, appellant claims that the excluded opinion and expert testimony was admissible under TEX.R.CIV.EVID. 702–705. Rules 702–705 concern the admissibility of opinion testimony by experts; however, evidence that meets the requirements of Rules 702–705 is not admissible if it is irrelevant under Rule 401 or if its admission would present problems of undue prejudice or confusion of the issues under Rule 403. Because we have held that the trial court properly excluded this evidence under Rule 403 based on the danger of undue prejudice, we need not address the admissibility of the expert testimony. We overrule points eight through eleven.

In point of error twelve, appellant contends that the cumulative effect of the trial court's errors in excluding the evidence in question was so detrimental to appellant's substantive rights as to justify a new trial. Because we have found no error by the trial court in excluding this evidence, we need not address the cumulative effect of errors justifying reversal of the judgment. We overrule point twelve.

We affirm the judgment of the trial court.