Clark v. Blakely 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-104-CV

     RANDALL CLARK, ET AL.,
                                                                                              Appellants
     v.

     BLAKELY CARPET CRAFTS, INC.,
     D/B/A BLAKELY FLOOR STUDIO,
                                                                                              Appellee
 

From the 193rd District Court
Dallas County, Texas
Trial Court # 91-14442-L
                                                                                                    

OPINION DENYING MOTION FOR REHEARING
                                                                                                    

      Appellants have filed a motion for rehearing, asserting two points.
JOINT ENTERPRISE
      Appellants first take issue with our statement, "the decided cases convince us that the doctrine
was not intended to create liability in business arrangements where a joint venture or partnership
cannot be proven." They point out that the doctrine was applied in Shoemaker to a business
arrangement other than a joint venture or partnership. Shoemaker v. Estate of Whistler, 513
S.W.2d 10, 14 (Tex. 1974). We understand and agree that Shoemaker discussed joint enterprise
in such a context; but, as we pointed out, the doctrine was discussed in the context of a
conveyance, i.e., an airplane. Thus, we held that the doctrine was not intended to apply in a non-conveyance context (the carpet laying business) and that there was no evidence to support its
application in the conveyance context (the operation of Hatten's vehicle).
 Exclusion of Evidence
      Appellants' second point on rehearing points out that we overlooked two exhibits that they
relied on which were in the record before us. Having located the exhibits, we now address the
substance of their point. 
      Appellants argue that the court erred in excluding two exhibits. Laura Jo Nelson, an adjuster
handling workers' compensation claims, testified concerning her records.


 She testified that, after
an investigation, Nathan Hatten and Edmonson were determined to be "employees" of Carpet
Crafts for the purposes of workers' compensation benefits. Exhibits 25 and 31, according to
Appellants, are copies of compromise and settlement agreements between Carpet Crafts's worker's
compensation carrier and Nathan Hatten and Edmonson. Appellants argue that the jury should
have been informed of the large amounts that they were paid as claimants; thus, the jury would
know that Nelson and her company spent "more time, effort and resources" in determining that
Hatten and Edmonson were "employees." 
      Exhibit 25 is a compromise and settlement agreement between Edmonson and Travelers
Indemnity of Rhode Island. It reflects that he was paid more that $73,000 in workers'
compensation benefits. The form lists Floor Studio as Edmonson's employer. Exhibit 31 is a
similar compromise and settlement agreement reflecting that Nathan Hatten received almost
$46,000 in workers' compensation benefits. Floor Studio is also listed as Hatten's employer.
      Carpet Crafts objected to Exhibit 25 on the grounds that it was irrelevant and that its
prejudicial effect outweighed any probative value. The court sustained the objection under Rule
403. Appellants offered to redact the amounts paid shown on Exhibit 25. The court stated, "To
the extent that it's relevant at all, it's only cumulative of what's already been introduced."


 
Appellants offered Exhibit 25 on a bill of exception and the court allowed it for the bill. The court
also sustained Carpet Crafts's objection under Rule 403 to Exhibit 31. Appellants offered Exhibit
31 on its bill of exception.


 
      The decision whether to admit evidence is a matter within the discretion of the court. 
Champlin Oil & Refining Co. v. Chastain, 403 S.W.2d 376, 389 (Tex. 1965). "Although
relevant, evidence may be excluded if its probative value is substantially outweighed by the danger
of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue
delay, or needless presentation of cumulative evidence." Tex. R. Civ. Evid. 403. Prior to
offering Exhibit 25, Appellants offered, and the court admitted, Exhibit 24. The exhibit is entitled
"Report of Initial Payment of Compensation" and states that Edmonson received initial workers'
compensation payments beginning shortly after the accident.
      The court's remarks in excluding Exhibits 25 and 31 show that the court believed the exhibits
to be cumulative. Nelson testified that her company had determined Edmonson and Hatten were
"employees" of Carpet Crafts for purposes of compensation benefits. Besides Exhibit 24, the
court also admitted Exhibit 30, a claim report for Nathan Hatten listing Floor Studio as his
employer and showing his compensation rate. Nelson also testified about the contents of other
exhibits, although the exhibits themselves were not admitted. Thus, the court acted within its
discretion in determining that Exhibits 25 and 31 were cumulative of evidence already before the
jury. We do not find that the court abused its discretion in refusing to admit the exhibits. See id. 
      Furthermore, even if the court did err in excluding the exhibits, we must look to the effect
of the error. "Error may not be predicated upon a ruling which admits or excludes evidence
unless a substantial right of the party is affected." Tex. R. Civ. Evid. 103(a). A judgment shall
not be reversed unless the appellate court is of the opinion that the error complained of amounted
to such a denial of the rights of the appellant as was reasonably calculated to cause and probably
did cause rendition of an improper judgment. Tex. R. App. P. 81(b)(1). In connection with errors
in evidentiary rulings, reversible error does not usually occur unless the appellant demonstrates
that the whole case turns on the particular evidence excluded or admitted. Dudley v. Humana
Hosp. Corp., 817 S.W.2d 124, 126 (Tex. App.—Houston [14th Dist.] 1991, no writ) (citing
Texaco, Inc. v. Pennzoil, Inc., 729 S.W.2d 768, 837 (Tex. App.—Houston [1st Dist.] 1987, writ
ref'd n.r.e.), cert. denied, 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988)). We cannot
say that the excluded exhibits would have resulted in a different verdict; thus, any error predicated
upon the court's ruling would have been harmless. See Tex. R. App. P. 81(b)(1).
      We deny Appellants' motion for rehearing.


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Motion for rehearing denied
Opinion delivered and filed March 8, 1995
Do not publish