NO. 07-00-0468-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 10, 2002
_____

RONNIE WAYNE HUTTON, INDIVIDUALLY AND AS
INDEPENDENT ADMINISTRATOR OF THE ESTATE OF
IDA MARIE BOWEN, DECEASED, STEVE HUTTON AND MIKE HUTTON,

Appellants

v.

GERALD PAYNE, M.D.,

Appellee
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CI-00F063; HON. EDWARD B. NOBLES, PRESIDING
_____

*Memorandum Opinion*
_____

Before BOYD, C.J., QUINN and JOHNSON, JJ.

This appeal involves a final judgment entered on September 15, 2000 in favor of

Gerald Payne, M.D. (Payne). Ronnie Wayne Hutton, individually and as independent

administrator of the estate of Ida Marie Bowen, deceased, Steve Hutton and Mike Hutton

(collectively referred to as Hutton) appeal from the final judgment. Via five issues, Hutton

claims that the trial court erred by excluding evidence regarding Payne's 1) prior

inconsistent statements, 2) suspended privileges to practice medicine at the Hereford Regional Medical Center, 3) restricted medical license and 4) use of prescription drugs during the treatment of Mrs. Bowen. So too does he argue that they had the cumulative affect of denying him a fair trial when coupled with other errors purportedly committed by the court. We affirm.

## *Background*

Mrs. Marie Bowen was 73 years old when she died on March 23, 1997. At the time of her death and some 25 days immediately prior thereto, Payne was treating her for multiple problems. In Payne's opinion Mrs. Bowen died of coronary artery disease. Hutton then sued Payne for medical malpractice.

At trial Hutton sought to introduce evidence that Payne had been taking prescription medicine which allegedly caused disorientation and confusion. The trial court excluded the evidence. So too did it exclude evidence indicting that Payne had suffered from confusion and disorientation approximately two years before the incident in question. Evidence that Payne had 1) his privileges suspended from practicing medicine at Hereford Regional Medical Center in 1995, 2) been disciplined by the Texas Board of Medical Examiners, and 3) his license to practice medicine restricted was also excluded.[1] Hutton now complains of those decisions.

## *Standard of Review*

---

[1]The restriction and suspension had been lifted by the time Payne undertook the care of Bowen in February and March of 1997.

2

Whether to admit or exclude evidence is a decision which lies within the trial courts considered discretion. *Texas Dept. of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). We cannot interfere with the exercise of that discretion unless it fails to comport with guiding rules or principles. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 754 (Tex. 1998). Thus, an appellate court must uphold the trial court's evidentiary rulings if there exists any legitimate basis upon which they can be founded. *See Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *In re T.M.*, 33 S.W.3d 341, 348 ( Tex. App. Amarillo 2000, no pet.). Finally, this standard obligates the appellant to negate the applicability of each of those potential bases. *In re T.M.*, 33 S.W.3d at 348.

### *Issue One — Exclusion of Prior Inconsistent Statements*

Hutton initially complains about the trial court's decision to exclude evidence of prior inconsistent statements regarding episodes of confusion and disorientation allegedly experienced by Payne. The latter allegedly denied experiencing any during the period between May of 1995 and April of 1998; Ms. Bowen died in March of 1997. However, Hutton had evidence of Payne's experiencing such disorientation in May of 1995 due to his self-prescribing of various "narcotic" medications. And, because Payne allegedly continued to self-prescribe the same medication throughout that three year period and Bowen died during that period, he thought himself entitled to question Payne about those prior instances of confusion. Finally, the trial court's decision to exclude that evidence purportedly denied Hutton his constitutional right to cross-examine Payne and present evidence impeaching his credibility. We overrule the issue for the following reasons.

3

First, Payne sought to exclude the evidence under Texas Rule of Evidence 403. That is, he believed any probative value it may have had was outweighed by its danger for unfair prejudice. Moreover, this ground appeared to be of concern to the trial court. That is, the court indicated it would admit the evidence if Hutton could show that Payne was experiencing confusion and disorientation at the time he was caring for Bowen. Since Hutton could not establish that direct link, the trial court opted to exclude the evidence. That decision finds support in the medical malpractice case of *Dudley v. Humana Hosp. Corp.*, 817 S.W.2d 124 (Tex. App.--Houston [14th dist.] 1991, no writ).

In *Dudley*, the plaintiff sought to illustrate that the doctor was suffering from stress when he performed the operations which resulted in injury. Furthermore, the alleged causes of that stress (which causes the plaintiff wanted to present as evidence at trial) were a criminal investigation into Dr. Pearson's illegal dispensation of drugs, the dissolution of his medical partnership, and the possibility of his license being suspended and of him being imprisoned. Yet, the trial court decided to exclude the evidence under Rule 403 because the proponent could not show that Pearson actually exhibited signs of stress at the time of the surgeries in question. Moreover, that decision was held to be a legitimate exercise of discretion when tested against Rule 403. *Id.* at 126.

Much like the situation in *Dudley*, Hutton at bar did not show that Payne was suffering from confusion or disorientation at the time of Bowen's death. Given this, Rule 403 and the teachings of *Dudley* entitled the trial court to exclude the evidence in question. Accordingly, it did not abuse its discretion.

Second, nowhere did Hutton address, in its appellate brief, the application of Rule 403.  Because it was at least one basis upon which the trial court acted, he was obligated to do so.  Having failed in that regard, Hutton did not carry his burden on appeal to show that the decision was erroneous.  *In re T.M.*, *supra.*

Third, in proferring the evidence to the trial court, Hutton said nothing about constitutional rights, due process or how either of them entitled him to do what he wanted.  Because they were not mentioned below, they were waived on appeal.  TEX. R. APP. PROC. 33.1; *St. Paul's Surplus Lines, Co. v. Dal-worth Tank Co.*, 974 SW2d 51, 53 (Tex. 1998).

### *Issues Two and Three-- Payne's suspension and restricted medical license*

Hutton next claims, via issues two and three, that he was entitled to question Payne about whether his privileges to practice at the Hereford Regional Medical Center had previously been suspended and his license to practice had been restricted.  Again, Hutton believes himself entitled to delve into these topics to impeach Payne's credibility, since the doctor testified that he had not breached any applicable standard of care in treating Bowen.  We overrule the issues.

To the extent that Payne had his privileges suspended and medical license restricted, the incidents which caused same were unrelated to his provision of treatment to Bowen.  For that reason, the trial court opted to exclude the evidence.  Given the lack of a nexus between the evidence and Payne's provision of treatment to Bowen, the decision of the trial court again fell within the scope of *Dudley* and Rule 403.  In short, Hutton sought to use the suspension and license restriction to illustrate that Payne possessed questionable medical ability two years later when he rendered services to

5

Bowen. That this was one of his reasons for tendering the evidence is clear from his dialogue with the trial court. Thus, the latter acted within its zone of discretion in preventing him from doing so due to the lack of the requisite nexus between the events.

Next, to the extent Hutton asserts that he had a constitutional right to cross examine Payne on the matter of license restriction and privilege suspension, that ground went unmentioned below. Being unmentioned, it was waived. TEX. R. APP. PROC. 33.1.

### Issue Four — Self Prescribed Drug Use

In his fourth issue, Hutton claims that Payne missed all the signs that Mrs. Bowen was in life threatening distress because he was using both Ambien and Hydrocodone. Furthermore, he wanted to present evidence to that effect through two medical experts. The trial did not permit him to do so. This was error, according to Hutton, for the evidence was "highly relevant and probative to the issues in this case." We overrule the issue for several reasons.

First, Hutton again says nothing of Rule 403 and why the trial court could not have relied on it to exclude the evidence. This is of import because through that rule relevant evidence can nonetheless be excluded, as illustrated by the wording of the rule itself. So, it was imperative for Hutton to illustrate why the trial court struck the improper balance, and he did not do so. Thus, Hutton again failed to carry his appellate burden. *In re T.M., supra*.

Second, while it may be that Payne was self-prescribing narcotic medications and Hutton's two witnesses wanted to say that was a violation of some standard of care and

6

ethical precept applicable to the medical professional, we can see basis for excluding the testimony under Texas Rule of Evidence 403. Assuming Payne experienced confusion and impaired judgment when treating Bowen and assuming that the drugs caused those conditions, of import would be their ingestion and effects, not the manner in which he obtained them. Thus, it is conceivable that the trial judge believed evidence of 1) how Payne obtained them and 2) that in so acquiring them he violated a medical standard and ethical precept would be of minimal relevance but not of minimal risk for creating unfair prejudice. Indeed, in admitting the evidence in question, the trial court would be informing the jury of misconduct of Payne that had little relevance to the alleged proximate cause of Bowen's death, *i.e.* Payne's inability to accurately diagnosis and treat her illness. And, because the trial court could have so concluded, it's decision did not evince an act of abused discretion.

As to the evidence of drug ingestion, we again find basis for excluding it under the auspices of Rule 403. Admittedly, Payne testified during his deposition that he self-prescribed the medications from May of 1995 through portions of 1998. So too did he say that he had taken the medication sometime in March of 1997. However, he did not specify the days in March on which he so ingested the medication. Nor did he testify that he ingested either of the drugs in February of 1997. Nor did Hutton refer the trial court to any evidence describing the length of time during which the drug can purportedly affect one's judgment once ingested. So, what the trial court had before it was evidence that Bowen was under the care of Payne from February 26th to March 23rd and that Payne took the medication at some unspecified time in March. Such evidence does not permit one to

7

rationally infer that Payne took the drugs *while* treating Bowen or was somehow under their influence *at the time.* It may well be that he did not ingest any until *after* Bowen died. And, given the dearth of evidence illustrating that Payne was under their influence or had taken them when caring for Bowen, both Rule 403 and *Dudley* authorized the court to exclude the testimony in question.

### *Issue Five — Cumulative Effect of Errors.*

In his fifth and final issue, Hutton contends that the errors discussed under issues one through four along with a litany of others caused the rendition of an improper verdict. We overrule the issue.

Simply put, we did not hold as erroneous the acts underlying issues one through four. Furthermore, Hutton has cited us to no authority supporting his contention that the other acts about which he complains were erroneous. The citation to such authority was and is required by Texas Rule of Appellate Procedure 38.1(h), and the failure to comply with that provision results in waiver of the complaint. *In re Williams*, 998 SW2d 724, 730 (Tex. App.- Amarillo, 1999, no pet.). Nor did Hutton provide us with any substantive analysis regarding the impact that these allegedly erroneous acts had upon the jury's verdict and judgment rendered. That too was required by Rule 38.1(h).

Accordingly, we affirm the judgment of the trial court.


Per Curiam

Do not publish.