TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00635-CV






Gary Beck; Law Insurance Agency f/k/a The G. Beck Company d/b/a The Beck Company;
The Beck Benefits Company; and John Mueller's Barbecue, Inc., Appellants


v.


The Law Offices of Edwin J. (Ted) Terry, Jr., P.C.; John Ott, as Representative of the
Estate of Edwin J. (Ted) Terry, Jr., deceased; James A. Vaught; and Karl E. Hays,
Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-04-002126, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING



 

C O N C U R R I N G O P I N I O N

 

 Although I agree with the majority's conclusion to affirm the trial court's judgment,
I concur in the judgment only. See Tex. R. App. P. 47.1, 47.5. 

 In their first issue, appellants contend that the trial court erred in granting a partial
summary judgment as to their claims of breach of fiduciary duty, DTPA violations, and breach of
contract. Texas law is well settled that a plaintiff is not permitted to divide or fracture legal
malpractice claims based on negligence into additional causes of action. See, e.g., Duerr v. Brown,
262 S.W.3d 63, 69-75 (Tex. App.--Houston [14th Dist.] 2008, no pet.) (discussion of Texas law 
precluding fracturing legal malpractice claims into multiple causes of action); Murphy v. Gruber,
241 S.W.3d 689, 692-97 (Tex. App.--Dallas 2007, pet. denied) (same); Aiken v. Hancock,
115 S.W.3d 26, 28-29 (Tex. App.--San Antonio 2006, pet. denied) (affirming summary judgment
on plaintiff's claims of DTPA violations and breach of fiduciary duty and concluding that the claims
should not have been divided and that they were "thinly veiled" claims of legal malpractice);
Kimleco Petroleum, Inc. v. Morrison & Shelton, 91 S.W.3d 921, 924 (Tex. App.--Fort Worth 2002,
pet. denied) ("Generally, courts do not allow a case arising out of an attorney's alleged bad legal
advice or improper representation to be split out into separate claims for negligence, breach of
contract, or fraud, because the real issue remains one of whether the professional exercised that
degree of care, skill, and diligence that professionals of ordinary skill and knowledge commonly
possess and exercise. . . . Regardless of the theory a plaintiff pleads, as long as the crux of the
complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is
one for legal malpractice.") (internal citation omitted); Ersek v. Davis & Davis, P.C., 69 S.W.3d 268,
274-75 (Tex. App.--Austin 2002, pet. denied) (policy reasons behind rule precluding the fracturing
of legal malpractice claims); Goffney v. Rabson, 56 S.W.3d 186, 190-94 (Tex. App.--Houston
[14th Dist.] 2001, pet. denied) (discussion and application of Texas law precluding "dividing legal
malpractice claims" into claims of breach of contract, DTPA violations, and breach of
fiduciary duty). 

 A claim based upon the failure of an attorney to exercise the degree of care, skill and
diligence as attorneys of ordinary skill and knowledge commonly possess and exercise, despite its
labeling, is a legal malpractice claim based on negligence. See, e.g., Goffney, 56 S.W.3d at 190;
Sledge v. Alsup, 759 S.W.2d 1, 2 (Tex. App.--El Paso 1988, no writ). Whether allegations against
an attorney are actually claims for legal malpractice or something else is a question of law for the
court to determine. See Murphy, 241 S.W.3d at 692. Applying these well-settled principles of law,
appellants' allegations as to each of their claims ultimately concern the lawyers' alleged failure to
adequately and competently handle Mr. Beck's divorce. See id. at 693 ("Texas courts do not allow
plaintiffs to convert what are really negligence claims into claims for fraud, breach of contract,
breach of fiduciary duty, or violation of the DTPA."). I, therefore, agree with the majority that the
trial court did not err in granting summary judgment as to appellants' claims for breach of fiduciary
duty, DTPA violations, and breach of contract. 

 In their second issue, appellants contend that the trial court abused its discretion
during the jury trial on appellants' legal malpractice claims when the trial court excluded evidence
of purported alcohol or substance abuse by Mr. Terry. See National Liab. & Fire Ins. Co. v. Allen,
15 S.W.3d 525, 527-28 (Tex. 2000) (evidentiary decisions reviewed for abuse of discretion). 
Whether to admit or exclude evidence lies within the sound discretion of the trial court.
Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). As a reviewing court,
we will uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. See
State Bar of Texas v. Evans, 774 S.W.2d 656, 658 n.5 (Tex. 1989). 

 In this case, the trial court could have concluded that evidence of alcohol or substance
abuse without a specific connection to a purported negligent act by Mr. Terry in his handling of Mr.
Beck's divorce was not relevant to appellants' malpractice claims, or that, even if such evidence was
relevant, its probative value was substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury. See Tex. R. Evid. 401, 402, 403; Dudley v. Humana
Hosp. Corp., 817 S.W.2d 124, 125-27 (Tex. App.--Houston [14th Dist.] 1991, no writ) (in medical
negligence suit alleging that physician was "impaired" during surgeries, evidence that physician was
under federal criminal investigation and "under stress" at time the surgeries were performed properly
excluded when no direct evidence that physician "actually exhibited any symptoms of stress at
the time of the surgeries"); compare PPC Transp. v. Metcalf, 254 S.W.3d 636, 642-43
(Tex. App.--Tyler 2008, no pet.) (evidence that driver had consumed "approximately eight to ten
beers on the night of the accident" in conjunction with evidence that driver failed to steer vehicle to
avoid accident relevant to issue of causation in negligence action against driver because the alcohol
consumption was a "matter concerning his vigilance, judgment, and reactions as a driver"), with
AlliedSignal, Inc. v. Moran, 231 S.W.3d 16, 44-46 (Tex. App.--Corpus Christi 2007, pet. granted,
judgment vacated w.r.m.) (trial court's exclusion of evidence that driver was "drug addict" upheld
when "[t]here was no evidence that [the driver] was under the influence of drugs on the day of the
accident"). I agree with the majority that the trial court did not abuse its discretion in excluding
this evidence.

 I would also conclude that the exclusion of evidence of purported alcohol and
substance abuse did not probably cause the rendition of an improper judgment to support reversal. 
See Tex. R. App. P. 44.1(a). Appellants do not challenge the jury's finding of no negligence, and
the evidence at trial included Mr. Beck's understanding and agreement as a sophisticated litigant to
the mediated settlement and his satisfaction with his attorneys' services. At the hearing on
February 5, 2002, to prove up the mediated settlement, Beck testified during direct-examination
by Mr. Terry:

 

 Q. . . . Now you believe that you understand the nature of your estate?


 A. Yes, sir.


 Q. You understand that you have made some claims regarding separate property
of the--of the businesses and other entities, and that all of those are being
compromised in this agreement. Do you understand that?


 A. I do understand that.


 Q. Okay. And you've had the opportunity to talk with both me and Ken Huff,
and certainly your former counsel, regarding the nature and extent of your
estate?


 A. Yes.


* * *


 Q. Do you feel that you understand the entire deal as represented by Exhibit 1?


 A. Yes.


 Q. Okay. And are you asking the Court to approve this settlement?


 A. I am.


 Q. Now during this period of time when Mr. Huff has been assisting us and
we've been helping you, do you believe that we've given you good and
competent advice, and are you satisfied with our services?


 A. Yes, I am, and I do. (1)



 In their third issue, appellants contend that the trial court abused its discretion in
denying appellants' motion for a new trial in light of alleged obstructive discovery conducted
throughout the underlying proceeding that allowed appellees to succeed in concealing probative
evidence of Mr. Terry's substance abuse problems. See In re R.R., 209 S.W.3d 112, 114 (Tex. 2006)
(denial of motion for new trial reviewed for abuse of discretion). Because I agree that the trial court
properly granted summary judgment on appellants' claims for breach of fiduciary duty, DTPA
violations, and breach of contract and did not abuse its discretion in excluding evidence of purported
alcohol and substance abuse by Mr. Terry, I agree with the majority that the trial court did not abuse
its discretion in denying appellants' motion for new trial. 

 For these reasons, I respectfully concur in the Court's judgment only.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop 

Filed: May 1, 2009 
1. The transcript from the February 5, 2002, hearing was admitted as an exhibit at the trial on
appellants' legal malpractice claims.