# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00635-CV

**Gary Beck; Law Insurance Agency f/k/a The G. Beck Company d/b/a The Beck Company; The Beck Benefits Company; and John Mueller's Barbecue, Inc., Appellants**

**v.**

**The Law Offices of Edwin J. (Ted) Terry, Jr., P.C.; John Ott, as Representative of the Estate of Edwin J. (Ted) Terry, Jr., deceased; James A. Vaught; and Karl E. Hays, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-04-002126, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

Although I agree with the majority's conclusion to affirm the trial court's judgment, I concur in the judgment only. *See* Tex. R. App. P. 47.1, 47.5.

In their first issue, appellants contend that the trial court erred in granting a partial summary judgment as to their claims of breach of fiduciary duty, DTPA violations, and breach of contract. Texas law is well settled that a plaintiff is not permitted to divide or fracture legal malpractice claims based on negligence into additional causes of action. *See, e.g.*, *Duerr v. Brown*, 262 S.W.3d 63, 69-75 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (discussion of Texas law precluding fracturing legal malpractice claims into multiple causes of action); *Murphy v. Gruber*, 241 S.W.3d 689, 692-97 (Tex. App.—Dallas 2007, pet. denied) (same); *Aiken v. Hancock*, 115 S.W.3d 26, 28-29 (Tex. App.—San Antonio 2006, pet. denied) (affirming summary judgment

on plaintiff's claims of DTPA violations and breach of fiduciary duty and concluding that the claims should not have been divided and that they were "thinly veiled" claims of legal malpractice); *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App.—Fort Worth 2002, pet. denied) ("Generally, courts do not allow a case arising out of an attorney's alleged bad legal advice or improper representation to be split out into separate claims for negligence, breach of contract, or fraud, because the real issue remains one of whether the professional exercised that degree of care, skill, and diligence that professionals of ordinary skill and knowledge commonly possess and exercise. . . . Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice.") (internal citation omitted); *Ersek v. Davis & Davis, P.C.*, 69 S.W.3d 268, 274-75 (Tex. App.—Austin 2002, pet. denied) (policy reasons behind rule precluding the fracturing of legal malpractice claims); *Goffney v. Rabson*, 56 S.W.3d 186, 190-94 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (discussion and application of Texas law precluding "dividing legal malpractice claims" into claims of breach of contract, DTPA violations, and breach of fiduciary duty).

A claim based upon the failure of an attorney to exercise the degree of care, skill and diligence as attorneys of ordinary skill and knowledge commonly possess and exercise, despite its labeling, is a legal malpractice claim based on negligence. *See, e.g.*, *Goffney*, 56 S.W.3d at 190; *Sledge v. Alsup*, 759 S.W.2d 1, 2 (Tex. App.—El Paso 1988, no writ). Whether allegations against an attorney are actually claims for legal malpractice or something else is a question of law for the court to determine. *See Murphy*, 241 S.W.3d at 692. Applying these well-settled principles of law,

2

appellants' allegations as to each of their claims ultimately concern the lawyers' alleged failure to adequately and competently handle Mr. Beck's divorce. *See id.* at 693 ("Texas courts do not allow plaintiffs to convert what are really negligence claims into claims for fraud, breach of contract, breach of fiduciary duty, or violation of the DTPA."). I, therefore, agree with the majority that the trial court did not err in granting summary judgment as to appellants' claims for breach of fiduciary duty, DTPA violations, and breach of contract.

In their second issue, appellants contend that the trial court abused its discretion during the jury trial on appellants' legal malpractice claims when the trial court excluded evidence of purported alcohol or substance abuse by Mr. Terry. *See National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527-28 (Tex. 2000) (evidentiary decisions reviewed for abuse of discretion). Whether to admit or exclude evidence lies within the sound discretion of the trial court. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). As a reviewing court, we will uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *See State Bar of Texas v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989).

In this case, the trial court could have concluded that evidence of alcohol or substance abuse without a specific connection to a purported negligent act by Mr. Terry in his handling of Mr. Beck's divorce was not relevant to appellants' malpractice claims, or that, even if such evidence was relevant, its probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* Tex. R. Evid. 401, 402, 403; *Dudley v. Humana Hosp. Corp.*, 817 S.W.2d 124, 125-27 (Tex. App.—Houston [14th Dist.] 1991, no writ) (in medical negligence suit alleging that physician was "impaired" during surgeries, evidence that physician was

under federal criminal investigation and "under stress" at time the surgeries were performed properly excluded when no direct evidence that physician "actually exhibited any symptoms of stress at the time of the surgeries"); *compare PPC Transp. v. Metcalf*, 254 S.W.3d 636, 642-43 (Tex. App.—Tyler 2008, no pet.) (evidence that driver had consumed "approximately eight to ten beers on the night of the accident" in conjunction with evidence that driver failed to steer vehicle to avoid accident relevant to issue of causation in negligence action against driver because the alcohol consumption was a "matter concerning his vigilance, judgment, and reactions as a driver"), *with AlliedSignal, Inc. v. Moran*, 231 S.W.3d 16, 44-46 (Tex. App.—Corpus Christi 2007, pet. granted, judgment vacated w.r.m.) (trial court's exclusion of evidence that driver was "drug addict" upheld when "[t]here was no evidence that [the driver] was under the influence of drugs on the day of the accident"). I agree with the majority that the trial court did not abuse its discretion in excluding this evidence.

I would also conclude that the exclusion of evidence of purported alcohol and substance abuse did not probably cause the rendition of an improper judgment to support reversal. *See* Tex. R. App. P. 44.1(a). Appellants do not challenge the jury's finding of no negligence, and the evidence at trial included Mr. Beck's understanding and agreement as a sophisticated litigant to the mediated settlement and his satisfaction with his attorneys' services. At the hearing on February 5, 2002, to prove up the mediated settlement, Beck testified during direct-examination by Mr. Terry:

Q.     . . . Now you believe that you understand the nature of your estate?

A.     Yes, sir.

4

Q.	You understand that you have made some claims regarding separate property of the—of the businesses and other entities, and that all of those are being compromised in this agreement.  Do you understand that?

A.	I do understand that.

Q.	Okay.  And you've had the opportunity to talk with both me and Ken Huff, and certainly your former counsel, regarding the nature and extent of your estate?

A.	Yes.

* * *

Q.	Do you feel that you understand the entire deal as represented by Exhibit 1?

A.	Yes.

Q.	Okay.  And are you asking the Court to approve this settlement?

A.	I am.

Q.	Now during this period of time when Mr. Huff has been assisting us and we've been helping you, do you believe that we've given you good and competent advice, and are you satisfied with our services?

A.	Yes, I am, and I do.[1]

In their third issue, appellants contend that the trial court abused its discretion in denying appellants' motion for a new trial in light of alleged obstructive discovery conducted throughout the underlying proceeding that allowed appellees to succeed in concealing probative evidence of Mr. Terry's substance abuse problems. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (denial of motion for new trial reviewed for abuse of discretion).  Because I agree that the trial court

---

[1] The transcript from the February 5, 2002, hearing was admitted as an exhibit at the trial on appellants' legal malpractice claims.

properly granted summary judgment on appellants' claims for breach of fiduciary duty, DTPA violations, and breach of contract and did not abuse its discretion in excluding evidence of purported alcohol and substance abuse by Mr. Terry, I agree with the majority that the trial court did not abuse its discretion in denying appellants' motion for new trial.

For these reasons, I respectfully concur in the Court's judgment only.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   May 1, 2009