Delbert Lee **POWELL**, Appellant,

v.

Jack J. **POWELL** et al., Appellees.

No. 1035.

Court of Civil Appeals of Texas, Tyler.

Aug. 11, 1977.

Rehearing Denied Sept. 1, 1977.

James R. Lewis, Ben E. Jarvis, A. D. Clark, Jr., Tyler, J. Glenn Turner, Jr. and James J. Harnett, of Turner, Hitchins, McInerney, Webb & Harnett, Fred M. Bruner, Bruner, Dorfman, Matlock & Hardin, Dallas, for appellant.

Jack W. Flock, Mike A. Hatchell, of Ramey, Flock, Hutchins, Grainger & Jeffus, Tyler, for appellees.

DUNAGAN, Chief Justice.

This is a will contest case. This case involves an application filed by Jack J. Powell and The First National Bank in Dallas for the probate of a written will and first codicil of N. P. Powell, deceased. The application for the probate of the will and codicil is contested by Delbert Lee Powell. N. P. Powell left a written will in which he named Jack J. Powell and The First National Bank in Dallas as co-independent executors of his estate. The will was duly executed by him on the 20th day of July 1972, and was duly witnessed, sworn to and ac-

knowledged by him before a Notary Public. On March 25, 1974 N. P. Powell executed the first codicil to his last will and testament executed on July 20, 1972. N. P. Powell died in Smith County, Texas, on November 5, 1974. Appellee Jack J. Powell is a son of the decedent and was a beneficiary under the will. Appellant Delbert Lee Powell is also a son of the decedent and was disinherited in the offered codicil.

Jack J. Powell and The First National Bank of Dallas on November 12, 1974, made application to probate the deceased's will and codicil. The will and codicil were contested by Delbert Lee Powell, the appellant, on the ground of lack of testamentary capacity, revocation, and undue influence.

The case was tried to a jury. Appellant was unable to raise a fact issue on "undue influence" or "revocation" so the case was submitted to the jury on "testamentary capacity" alone. The jury answered those issues favorably to the proponents as to the said will and codicil. On the basis of that verdict, the court entered judgment probating the will and codicil, from which judgment this appeal is taken.

Appellant's appeal is not prosecuted upon a legal or factual deficiency of the evidence but upon various complaints to the admission or exclusion of evidence.

Appellant has presented 13 points of error for reversal. These points will be discussed in an order different from that followed by the appellant. Some points will be grouped.

Points of error numbers 1, 6 and 11 complain of the granting of appellees-proponents' motion in limine which appellant contends excluded certain admissible evidence.

The motion referred to only requires, as to certain matters of evidence, that appellant refrain from mentioning or otherwise disclosing to the jury the matters mentioned above without first taking the matter up with the court for a ruling thereon."

As the wording of the motion in limine clearly indicates, granting the motion was not a ruling on the admissibility of evidence. The motion was merely a procedur-

al step to be followed prior to the introduction of evidence, which required that the counsel who was offering evidence to tender said evidence and obtain a ruling thereon outside the presence and hearing of the jury. In *Bridges v. City of Richardson*, 163 Tex. 292, 354 S.W.2d 366, 367 (1962), the court stated: "The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. . . ." In *Redding v. Ferguson*, 501 S.W.2d 717, 722 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n. r. e.), the court said: "The purpose of a motion in limine is to avoid the injection into the trial, of matters which are irrelevant, inadmissible and prejudicial. . . . It also serves the useful purpose of raising and pointing out before trial, certain evidentiary rulings that the Court may be called upon to make. By its very nature, when properly drawn, its grant cannot be error. It is not a ruling on evidence. It adds a procedural step prior to the offer of evidence."

■ It is a well established rule of law in this state that an order granting a motion in limine, as in the instant case, does not preserve error. *Redding v. Ferguson*, supra; *Alamo Express, Inc. v. Wafer*, 333 S.W.2d 651 (Tex.Civ.App.—Fort Worth 1960, n. w. h.); *Hudson v. Smith*, 391 S.W.2d 441, 449 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.); and *Hartford Accident & Indemnity Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963). Appellant did not properly preserve the alleged errors complained of in his points 1, 6 and 11.

Points 7, 12 and 13 violate Rules 320, 322, 374 and 418(c), T.R.C.P., for generality and failure to particularize evidence complained of or refer to the record where it may be found.

Point of error 7 asserts that "The court erred in refusing testimony and evidence concerning his desire to change his will as well as statements that he had in fact changed his will, inasmuch as such statements were admissible to show the state of mind of N. P. Powell."

■ From appellant's argument under this point, we learn that it is directed to testimony proposed to have been elicited from three different witnesses, Lem Hutchins, Betty Laird, and Laura Brown, and involved three or more separate statements by the deceased. Appellant attempted to preserve objection to those multiple statements by multiple witnesses in this assignment in the amended motion for new trial, which is altogether too broad. The assignment in the amended motion for new trial is deficient in that it fails to define with any degree of particularity either what witness or what statements it encompasses. With a point this broad, the trial court would be required to scan the entire 1,612 pages of testimony given, to pick out all offered statements by N. P. Powell regarding changes to his will, to guess or speculate which of those statements were covered by the assignment and, then, to assess the trial court's ruling, if any, after each of those statements. The assignment of error is too broad. It does not point out which witnesses and/or what statements are the subject of the assignment. Such assignment of error is in violation of Rules 320–322, T.R.C.P. As an improper, general assignment, no error may be predicated upon it. Rules 320–322, 374, supra; *Casey v. Barkley*, 527 S.W.2d 256, 262 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.); *Wagner v. Foster*, 161 Tex. 333, 341 S.W.2d 887 (1960); *Finto v. Texas & N. O. R. Co.*, 265 S.W.2d 606, 607–608 (Tex.Civ.App.—San Antonio 1954, n. w. h.).

■ As we understand appellant's points of error numbers 12 and 13 his complaint therein is of the admission of evidence regarding Delbert Powell's wealth, exclusion of evidence of Jack Powell's wealth, and exclusion of evidence of N. P. Powell's wealth. In the argument under these points we find no evidence set out which was alleged to have been admitted or excluded nor is there any reference to the

record where such evidence may be found. Therefore we do not know what evidence the complaint is directed to. For this court to rule upon and dispose of these two points of error, we would be required to read the entire statement of facts and the five volumes of exhibits to find the matters complained of. Points of error 12 and 13 clearly violate the requirements of Rule 418(c),[1] T.R.C.P. *Hidalgo v. Lechuga*, 407 S.W.2d 545, 551 (Tex.Civ.App.—El Paso 1966, writ ref'd n. r. e.); *Thorpe Insulation Co. v. Rice*, 353 S.W.2d 498, 500 (Tex.Civ.App.—Eastland 1962, writ ref'd n. r. e.) and *Sims v. Duncan*, 195 S.W.2d 156, 161 (Tex.Civ.App.—Galveston 1946, writ ref'd n. r. e.).

The assignments in the amended motion for new trial to which these points relate were as non-specific as the points in the brief. They did not set out, describe, or otherwise explicitly identify the evidence complained of in compliance with Rules 320–322, Texas Rules of Civil Procedure, so as to give the trial court a fair opportunity to assess his rulings. *Frobese v. Anderson*, 487 S.W.2d 818 (Tex.Civ.App.—Texarkana 1972, mand. overruled); *Collins v. Smith*, 142 Tex. 36, 175 S.W.2d 407, 409 (1943); *Casey v. Barkley*, supra.

Moreover the record reflects that appellant introduced without objection and without limitation the Federal Estate Tax Return on N. P. Powell's estate. That instrument details the deceased's total estate by list of items and value of every asset and piece of property owned by N. P. Powell at his death. The record reflects that appellant also introduced without objection or limitation the State of Texas Inheritance Tax Return which reproduces the same information. Additionally, appellee Jack Powell's wealth is fully disclosed in the record, a portion of which was introduced by appellant himself. Finally, there are references to Delbert Powell's wealth which was introduced without objection. These points are overruled.

Points of error 2, 3, and 4 involve excluded evidence.

Point 2 complains of the exclusion of testimony by Pearl Hartsfield concerning the deceased's relationship with one Betty Laird even though the point contains the words "relationships with other women." This testimony was:

"Q. Did you ever have any conversation with Mr. N. P. Powell about women other than Mrs. Bertha Powell?

"A. Well, he would talk about them, but you kind of just listened and didn't listen.

"Q. Did he ever mention Betty Laird to you?

"A. Yes he did.

"Q. What did he—when did he mention her?

"A. He mentioned her after Mother's Day in May. It was sometime in '74.

"Q. All right. What did he say about her?

"A. Well, he had said he was going to leave there and and leave home and go where she was. I told him he wasn't thinking straight. He said he was, and so I told him I didn't think he was."

The exclusion of that testimony was not error, because:

■ (1) The bill of exceptions perfected by appellant to preserve Pearl Hartsfield's testimony is of "combined" type, and, in addition to references to "other women", it includes other subjects such as inquiries concerning "legitimacy", statements made by the deceased while looking at his son's pictures and a statement concerning Delbert Powell and his "blood relationship" to his father N. P. Powell, deceased. These different subject matters make it impossible to correlate the matters preserved in the bill of exceptions with any individual complaint. It violates the rule that a bill of exceptions must be specific enough ". . . [to] show the nature of the evidence pro-

---

1. ". . . If complaint is made of the improper admission or rejection of evidence, the full substance of such evidence so admitted or re-

jected shall be set out with reference to the pages of the record where the same may be found. . . ."

posed to be introduced, in order to determine its admissibility." *Gulf C. & S. Ry. Co. v. Locker*, 78 Tex. 279, 14 S.W. 611, 612–613 (1890). To preserve error in regard to excluded testimony, a separate bill must be perfected as to each exclusionary ruling by the court so as to specifically and clearly define the error complained of. *Lubbock National Bank v. Nickels*, 63 S.W.2d 764, 768 (Tex.Civ.App.—Amarillo 1933, n. w. h.).

■ (2) Since the statements attributed to the deceased were hearsay, it could have no relevance except for a limited purpose for which it was never offered. *Skillern & Sons, Inc. v. Rosen*, 359 S.W.2d 298, 301 (Tex.1962); *Singleton v. Carmichael*, 305 S.W.2d 379, 384 (Tex.Civ.App.—Houston 1957, writ ref'd n. r. e.). A general objection to the offer having been sustained, counsel's failure to re-offer the statement for limited purpose was a waiver. *Gottschald v. Reaves*, 457 S.W.2d 307, 309–310 (Tex.Civ.App.—Houston [1st Dist.] 1970, n. w. h.). Where evidence, only a part of which is admissible, is offered as a whole, the court does not commit error in sustaining an objection to such testimony, and it is not the duty of the court nor the party objecting to separate the admissible from the inadmissible. *Texas General Indemnity Company v. Ellis*, 421 S.W.2d 467, 473 (Tex. Civ.App.—Tyler 1967, n. w. h.).

■ (3) Even if the statement had been offered for a limited purpose, the court was correct in excluding the proffered evidence, because the statement itself was coupled with a superfluous, inadmissible statement by Pearl Hartsfield that: ". . . I told him he wasn't thinking straight. He said he was, and so I told him I didn't think he was." Appellant's failure to segregate that inadmissible evidence from the statement attributed to N. P. Powell was likewise a sufficient ground for refusing the tender. In *Texas General Indemnity Co. v. Ellis*, supra, this court stated the rule that: "It seems to be the settled law of this state that where evidence is offered as a whole, only a part of which is admissible, the court does not commit error in sustaining an objection to such testimony and in such case it

is not the duty of the court nor the party objecting to the same to separate the admissible from the inadmissible. [cases cited] . . ."

Appellant by his point of error number 3 complains that he was precluded from showing that the testator, N. P. Powell, withdrew large sums of money during the latter part of his life. Appellant proposed to evidence this by the introduction of several checks, taken from the context of several hundred checks written by N. P. Powell during the last year of his life. The checks apparently were offered on the ground that they proved ". . . the state of the decedent's mind in 1974 . . ."

■ Evidence offered to prove "state of mind" is receivable, however, only if the evidence is indicative on its face of a relevant state of mind; conversely, if the evidence is merely indicative of conduct which does not reflect a state of mind, it is not so admissible; or, as the court said in *Scott v. Townsend*, 106 Tex. 322, 166 S.W. 1138 (1914), the evidence must be

". . . reasonably indicative of what his mental state was at the time . . . [or] . . . be of such nature as tend to reveal it by being in themselves expressive of his mental state. . . ."

The checks show only that N. P. Powell withdrew his own money. The checks do not show, nor is there any independent evidence to show—pointed out to us—what use was made of the withdrawn funds. The checks thus show nothing more than conduct, i. e., the act of withdrawal, and, showing only that, they do not reflect the state of mind under *Scott v. Townsend*, supra.

■ In our opinion the checks themselves show nothing other than conduct which does not reflect any state of mind, much less an "unusual" circumstance which is probative of testamentary capacity. We do not believe the court erred in excluding such proffered evidence.

Point of error number 4 asserts that the court erred in not allowing Betty Laird to relate statements of N. P. Powell concerning how his family felt about him. This

point seems to be without substance. The pages which we are referred to by appellant in his brief as to where the alleged excluded evidence may be found does not reflect any testimony as to statements N. P. Powell made as to how his family felt about him. The pages referred to reveal statements by N. P. Powell as to his feeling about Delbert Powell, appellant, and his wife. The only testimony we are referred to that remotely could be considered as a statement as to how his family felt about him is a supposed allusion to his ". . . happiness at home . . ." from the answer of Betty Laird:

"Q. Did Mr. N. P. Powell ever talk to you about the Pines Motel?

"A. Yes, uh-huh.

"Q. What did he tell you about it?

"A. He told me he had been going over to the Pines Motel, and that he had been paying them girls $600 just to talk to him. He said it's because he didn't have any happiness at home, and he went over there. Then he told me—well he didn't tell me at first. He told me that at first—but then at the end, he told me that he found out that Jack was going over there."

■ Moreover the assignment of error in the amended motion for new trial, to which this point is directed, is not specific enough, i. e., the point, which speaks in terms of evidence concerning how the testator's family ". . . felt about him . . .", does not fairly apprise the trial court in an "explicit manner" of complaint about a statement concerning the testator's (N. P. Powell) ". . . happiness at home . . ." The former does bear a relation to the latter in only the most tangential way, at a point which is so obscure as to be ineffective. Rules 320–322, T.R.C.P.; *Collins v. Smith*, supra; *Finto v. Texas & N. O. R. Co.*, supra.

In his point of error number 5 appellant contends that the trial court committed error in sustaining appellees' special exception to his pleading of N. P. Powell's alleged expression of ". . . his inten-

tions to revoke any testamentary instruments he had previously written . . ."

The special exception sustained was directed at what appeared to be appellant's pleaded intent to offer on the issue of revocation evidence that N. P. Powell made statements expressing an intent to change his will in some unspecified way at some unspecified time in the future.

■ A present intent to change or revoke a testamentary instrument in the future cannot accomplish revocation of the instrument, nor is it evidence of the revocation. *Halamicek v. Halamicek*, 542 S.W.2d 246 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); *Citizens First National Bank of Tyler v. Rushing*, 433 S.W.2d 741 (Tex.Civ.App.—Tyler 1968, n. w. h.); *Covington v. McDonald*, 307 S.W.2d 335, 338 (Tex.Civ.App.—Texarkana 1957, n. w. h.) and cases therein cited; *Ater v. Moore*, 231 S.W. 457 (Tex.Civ.App.—Austin 1921, n. w. h.) and cases therein cited.

Moreover the sustaining of the exception did not affect appellant's case because the special exception was specifically directed at the evidentiary allegations as to alleged statements of the testator's future intent. The trial court's order sustaining the exception did not strike the entire defense of "revocation", nor did it preclude appellant from offering the evidence alluded to in the pleadings, nor did it prevent revocation from being submitted to the jury if supported by more than a scintilla of evidence.

■ The only practical effect of the court's ruling on the exception was to preclude appellant from reading the objectionable pleading to the jury. If the excluding of this portion of appellant's pleadings was error, which we do not so hold, it would be harmless as it does not show that such denial caused the jury to return an improper verdict. Rule 434, T.R.C.P.; *Doneghy v. State*, 240 S.W.2d 331, 334 (Tex.Civ.App.—Amarillo 1951, n. w. h.).

Appellant complains in point of error number 8 of the exclusion of the Wysong Clinic hospital records.

Appellant complains in point of error number 9 of the exclusion from the evidence the hospital records of Mother Frances Hospital of certain diagnostic evaluations of electronencephalogram tests run on N. P. Powell.

Appellant's argument relative to point of error number 8 is very brief. As a matter of fact, it consists of a single paragraph. The argument is not supported by any appellate court authorities. Even though appellant in his point of error number 8 asserts that the trial "court erred in refusing to admit the hospital records of the Wysong Clinic . . . .", the record reflects that appellee objected only to the first two pages of those records which pages contain certain opinions or diagnosis. Therefore, the trial court in sustaining appellees' objection excluded only the two objectionable pages of the Wysong Clinic records. Appellant was at liberty to introduce the balance of the record but did not do so. Moreover, the excluded portion of the Wysong record contained nineteen separate diagnosis which rendered them subject to the rule laid down in *Loper v. Andrews*, 404 S.W.2d 300 (Tex.1966), which held that even though hospital records may be authenticated under Article 3737e, V.A.C.S., they are not admissible to the extent that they may contain medical diagnosis or interpretations of data ". . . where they are genuinely disputed and necessarily rest largely in expert opinion, speculation, or conjecture."

If the Wysong records had been admitted, all they would have shown was that N. P. Powell was hospitalized in 1966, 1967 and 1968 at the Wysong Clinic under the diagnosis (among others) of "alcoholism." It is undisputed that N. P. Powell had difficulty with alcoholism in the 1960's and that he was hospitalized many times for that condition before "kicking the Habit" some time in 1969. The Wysong records, therefore, establish nothing more than a fact already in evidence, not in dispute, and, in fact, conceded by appellees.

Appellee objected to the admission of that portion of Mother Frances Hospital's record which is complained of in appellant's point number 9 on the ground that they contain findings and medical opinions which ". . . rest primarily in expert medical opinion, conjecture and speculation . . . ." The objection was sustained. See *Loper v. Andrews*, supra. One of the diagnosis which has been excluded under the test of *Loper v. Andrews*, supra, is the diagnosis of mental incompetency. *Collins v. Collins*, 464 S.W.2d 910, 913 (Tex.Civ.App. —San Antonio 1971, writ ref'd n. r. e.). These points are without merit and are overruled.

Appellant in his point of error number 10 contends that "the court erred in sustaining appellee's objection to a hypothetical question [2] propounded to Dr. Bridges" concerning the amount of drugs taken by N. P. Powell over a certain period of time.

Appellant excepted to the ruling of the trial court and a bill of exception was made which is now before us as part of the record on appeal. The bill of exception does contain certain testimony given by Dr. Bridges but nowhere therein do we find the excluded hypothetical question or that Dr. Bridges' answer would have been favorable to appellant since it is not shown what the doctor's answer would have been in response to said question.

Thus the bill of exception upon which this point of error is founded is not sufficient to preserve the point for review, in that it fails to state what the witness would have answered in response to the excluded question. *Baker v. Sturgeon*, 361 S.W.2d 610, 612 (Tex.Civ.App.—Texarkana 1962, n. w. h.); *Hoskins v. Carpenter*, 201 S.W.2d 606, 610 (Tex.Civ.App.—El Paso 1947, writ ref'd n. r. e.); *Shippers' Compress & Warehouse Co. v. Davidson*, 35 Tex. Civ.App. 558, 80 S.W. 1082, 1036 (1904 writ ref'd).

2.  "Q. Doctor, assuming Mr. N. P. Powell prior to this had actually been issued 205 tablets of Placidyl, and if you assume during that 45-day period that he consumed those tablets, wouldn't—would he be subject, during that period of time, to being under the influence of Placidyl?"

Even though several of appellant's points have heretofore been disposed of because of procedural defects, we have nevertheless considered each of the points on its merit. In our opinion no reversible error is shown. All of appellant's points of error are overruled.

Finding no reversible error the judgment of the trial court is affirmed.