**Donald Paul DAGLEY and T & J Corporation d/b/a Turner Transportation, Appellants,**

v.

**Alberta THOMPSON, Individually, and Vickie Dillard as next friend of Demitrice Thompson, Danny Thompson, and Kim Jones Thompson II, Minor Children, and Joyce Francisco as next friend of Deborah Thompson, and Thelma Green, Intervenor Appellees.**

No. 12–03–00009–CV.

Court of Appeals of Texas, Tyler.

Oct. 8, 2003.

Rehearings Overruled Nov. 4 and 6, 2003.

R. Brent Cooper, Michelle Robberson, for appellant.

Bill Rosenstein, Ronald T. McClain, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Donald Paul Dagley and T & J Corporation d/b/a Turner Transportation (hereinafter referred to as "Dagley") appeal the trial court's orders granting separate summary judgments, one in favor of Alberta Thompson, Individually, and Vickie Dillard as next friend of Demitrice Thompson, Danny Thompson, and Kim Jones Thompson II, minor children,[1] and the other in favor of Joyce Francisco, as next friend of Deborah Thompson (collectively "plaintiffs"). Dagley also complains of the trial court's orders striking the summary judgment evidence of three of his witnesses arguing that these orders so tainted the subsequent jury trial that he is entitled to a new trial in the interest of fairness and justice. We reverse and remand for a new trial on the merits.

## BACKGROUND

At approximately 8:25 p.m. on October 2, 1997, Kim Jones Thompson (hereinafter referred to as "the deceased") was driving a 1995 Ford automobile owned by Thelma Green northbound in the far right lane of U.S. Highway 271 in Smith County, Texas. Dagley was crossing the highway where it intersected with Farm to Market Road 757. The deceased's car hit the right rear of the trailer being pulled by Dagley in his 1993 Mack truck. The deceased was killed instantly upon impact.

Plaintiffs sued Dagley for negligence causing the deceased's death due to, among other things, his failure to yield the right-of-way before entering the intersection as required by a yield sign on FM 757. Dagley answered that the deceased caused his own death by being intoxicated at the time of the collision, failing to keep a proper lookout, driving at an excessive rate of speed, and failing to take timely action to avoid the collision with the trailer.

The plaintiffs filed motions for partial no-evidence summary judgment stating that there is no evidence that some act of omission or commission of the deceased was a proximate cause of the accident

---

1. Although intervenor Thelma Green joined in the motion, her name does not appear in the order granting the motion.

leading to his death. Dagley filed a response to the motions for partial no-evidence summary judgment which included a properly authenticated autopsy report. This autopsy report contained a toxicology report showing the deceased had a .14 blood alcohol level at the time of the accident. Dagley's response also included affidavits with deposition testimony of Richard Morrisett, the toxicologist, John Painter, the accident reconstruction expert, and Joseph Hogue, the trooper with the Department of Public Safety who investigated the accident scene. Following Dagley's response, the plaintiffs filed motions to strike the testimony of Morrisett, Painter, and Hogue. The trial court, without a hearing, granted the plaintiffs' no-evidence summary judgment motions and their motions to strike the testimony of Morrisett, Painter, and Hogue. A jury found that Dagley's negligence proximately caused the accident and awarded damages to the plaintiffs. Dagley timely filed this appeal.

In Dagley's second issue, which we will address first, he contends that the trial court improperly granted the plaintiffs' motions for no-evidence summary judgment. Those motions addressed only Dagley's affirmative defense of comparative fault for the accident. Dagley contends the deceased was driving while intoxicated and engaged in other negligent conduct as a result of his intoxication. He also asserts that, collectively, these acts were the proximate cause of the accident.

### STANDARD OF REVIEW

Under the no-evidence summary judgment rule, a party may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or a defense on which the nonmovant would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). The respondent has the initial burden to present sufficient evidence to defeat the no-evidence summary judgment motion. *See Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex.2002).

A request for a no-evidence summary judgment is, in effect, a request for a pretrial directed verdict. *Hawkins v. Trinity Baptist Church,* 30 S.W.3d 446, 450 (Tex.App.-Tyler 2000, no writ). We apply the same legal sufficiency standard in reviewing no-evidence summary judgments as we apply in reviewing directed verdicts. *Id.* We must review the summary judgment evidence in the light most favorable to the respondent and disregard all contrary evidence and inferences. *See Morgan v. Anthony,* 27 S.W.3d 928, 929 (Tex.2000) (per curiam); *Hawkins,* 30 S.W.3d at 450. If the respondent produces more than a scintilla of probative evidence to raise a genuine issue of material fact, a no-evidence summary judgment is improper. *See Marsaglia v. University of Texas, El Paso,* 22 S.W.3d 1, 4 (Tex.App.-El Paso 1999, pet. denied). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Id.* Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Hawkins,* 30 S.W.3d at 450.

### COMPARATIVE NEGLIGENCE

Dagley's defense to his possible negligence in causing the collision was the deceased's comparative negligence. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.001–33.004 (Vernon 1997 & Supp.2003). Negligence requires proof of proximate cause. *Prudential Ins. Co. v. Jefferson Assocs.,* 896 S.W.2d 156, 160–61 (Tex.1995). Proximate cause requires proof as to both cause

in fact and foreseeability. *See City of Gladewater v. Pike*, 727 S.W.2d 514, 517 (Tex.1987). The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about an injury, without which the harm would not have occurred. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission. *Id.* at 478. Circumstantial evidence and inferences therefrom are a sufficient basis for determining proximate cause. *See Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 459 (Tex.1992).

### DRIVING WHILE INTOXICATED

■■■ We must determine whether the deceased's .14 blood alcohol level presents more than a scintilla of evidence of his comparative negligence. "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, dangerous drug, a combination of two or more of these substances, or any other substance into the body. *See* TEX. PEN.CODE ANN. 49.01 (Vernon 1994). Driving while intoxicated can be a proximate cause of an accident. *See Galveston–Houston Breweries, Inc. v. Naylor*, 249 S.W.2d 262, 266–67 (Tex.Civ.App.-Galveston 1952, writ ref'd n.r.e.). With regard to foreseeability, we know by common knowledge that alcohol distorts perception, slows reaction, and impairs motor skills while operation of an automobile requires clear perception, quick reaction, and adept motor skills. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). The tragic relationship between intoxicated drivers and fatal accidents is unquestionable. *Id.* A motor vehicle driver's intoxication is an impairment which is probative evidence to be considered in connection with that driver's driving ability, vigilance, judgment, reactions, and similar matters. *See Gunter v. Morgan*, 473 S.W.2d 952, 954 (Tex.Civ. App.-Texarkana 1971, no writ).

■■■ Plaintiffs respond that the autopsy report showing the decedent's .14 blood alcohol level merely establishes the cause of death. Plaintiffs contend that intoxication alone does not "convict" the decedent of negligence and as authority for that contention cite *Benoit v.Wilson*, 150 Tex. 273, 239 S.W.2d 792, 798 (1951). We agree with plaintiffs that intoxication alone does not mean that the decedent was negligent. However, intoxication combined with another act can be an evidentiary fact to be considered by the jury or trier of the facts in determining whether the decedent committed an act of comparative negligence. *See id.*

The unobjected-to summary judgment evidence showed the decedent was driving a 1995 Ford automobile when he crashed it into the rear of Dagley's trailer at the intersection of U.S. 271 and FM 757. We hold that decedent's act of driving a vehicle in a public roadway with a .14 blood alcohol level is more than a scintilla of probative evidence of negligence. *See Naylor*, 249 S.W.2d at 266. The trial court thus erred in granting plaintiffs' partial no-evidence motions for summary judgment. *Marsaglia*, 22 S.W.3d at 4. As a result, Dagley was unable to present evidence of the deceased's comparative negligence during the jury trial of this matter. Dagley's issue two is sustained.

### CONCLUSION

Dagley's evidence presented in response to plaintiffs' motions for no-evidence summary judgment was sufficient to raise a fact question on the issue of the deceased's comparative negligence. Accordingly, the trial court erred in granting the motions.

Our determination of Dagley's issue two is dispositive of this appeal. We therefore do not consider issues one and three. *See* Tᴇx.R.Aᴘᴘ. P. 47.1.

The judgment of the trial court is *reversed* and this matter is *remanded* to the trial court for a new trial on the merits in accordance with this opinion.