NO. 12-06-00383-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
PPC TRANSPORTATION AND                       §                 APPEAL FROM THE 273RD
HUGH PARKER WEATHERLY,
APPELLANTS
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

LUKE METCALF, AMANDA GANN
AND CRAIG ESTES,
APPELLEES                                                      §                 SHELBY COUNTY, TEXAS
                                                                                                                                                            
OPINION
            PPC Transportation Company and Hugh Parker Weatherly appeal the trial court’s judgment
entered in favor of Appellees Luke Metcalf, Amanda Gann, and Craig Estes. Appellants raise seven
issues on appeal. We reverse and remand.
 
Background
            From late at night on July 28, 2005 until early morning on July 29, 2005, Metcalf, Gann,
Estes, Kenneth Blackwell, and Patrick Hendrick congregated on a dirt road and drank beer near
Center, Texas. At approximately 2:00 a.m., the group decided to drive to Taco Bell in Center,
Texas. Metcalf, who had consumed approximately eight to ten beers, drove his truck with Gann,
Estes, and Blackwell as passengers. Hendrick followed in his vehicle. 
             At the same time, Weatherly was driving a tractor trailer to the 24-7 Farm, an area chicken
farm, to pick up chickens for Pilgrim’s Pride. After Weatherly missed the turn for the 24-7 Farm,
he stopped his truck and backed up. Once Weatherly had backed up, the tractor was in the correct
lane, but, unbeknownst to him, the trailer was in the lane intended for oncoming traffic as Weatherly
waited to turn into the 24-7 Farm.
            As Metcalf approached, he noticed the headlights of a large truck. Unaware that the truck’s
trailer was protruding into his lane, Metcalf, who was exceeding the speed limit, neither reduced his
speed nor steered away from the centerline.


 As he passed, Metcalf’s truck hit the trailer, which was
still in his lane of travel. Metcalf, Gann, and Estes were all injured as a result of the accident.
            Metcalf, Gann, and Estes filed suit against Weatherly and his employer, PPC, alleging that
Weatherly caused the accident and their resulting injuries.


 As an affirmative defense, Weatherly
and PPC alleged that the accident was caused by the negligence of Metcalf, Gann, and Estes. At
trial, Appellants attempted to introduce evidence regarding Metcalf’s alcohol consumption as well
as evidence regarding Metcalf’s driving at an excessive rate of speed. The trial court excluded such
evidence, finding that the prejudicial impact of such evidence substantially outweighed its probative
value. Weatherly and PPC subsequently presented the excluded evidence to the trial court outside
the jury’s presence by multiple offers of proof. Yet the trial court again refused to admit the
evidence concluding that the danger of unfair prejudice substantially outweighed the probative value
of the evidence.
            The jury ultimately found Appellants liable for Appellees’ injuries. The trial court entered
judgment on the jury’s verdict, and this appeal followed.
 
Exclusion of Evidence
            In a portion of their first issue, Appellants argue that the trial court improperly excluded 
evidence related to Metcalf’s consumption of alcohol. Appellees initially argue that Appellants
failed to preserve the error of which they now complain. Appellees further contend that the evidence
was not relevant because none of the conduct to which it relates was a proximate cause of the
accident. Moreover, Appellees argue that any probative value of the excluded evidence was
substantially outweighed by the danger of unfair prejudice. Finally, Appellees contend that the trial
court’s exclusion of such evidence was not harmful to Appellants.
Preservation of Error
            Appellees initially contend that Appellants failed to preserve error regarding the excluded
evidence. We disagree. When a trial court improperly excludes evidence, a party must show that
the error affects a substantial right of the party and the substance of the error was made known to the
court by offer, or was apparent from the context within which the objection was made. Tex. R.
Evid. 103(a). To preserve a complaint for appellate review, a party must present the complaint to
the trial court by a timely request, objection, or motion that states the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to make the trial court aware
of the complaint. See Tex. R. App. P. 33.1. This rule ensures that the trial court has had the
opportunity to rule on matters for which parties later seek appellate review. In re E. Tex. Med. Ctr.
Athens, 154 S.W.3d 933, 936 (Tex. App.–Tyler 2005, orig. proceeding). A secondary purpose of
the rule is to permit the trial judge to reconsider his ruling in light of the actual evidence. See
Ludlow v. DeBerry, 959 S.W.2d 265, 270 (Tex. App.–Houston [14 Dist.] 1997, no pet.). It follows
that the party must present the nature of the evidence with enough specificity that an appellate court
can determine its admissibility and whether any exclusion was harmful. See In re N.R.C., 94
S.W.3d 799, 806 (Tex. App.–Houston [14th Dist.] 2002, pet. denied); DeBerry, 959 S.W.2d at 270.
            In the case at hand, prior to trial, the trial court conducted a hearing during which it
considered Appellees’ motion to exclude evidence concerning Metcalf’s consumption of alcohol and
speeding. At the conclusion of the hearing, the trial court excluded such evidence, but indicated that
its ruling could change in light of evidence presented at trial. At the outset of trial, the trial court
reaffirmed its decision concerning evidence of Metcalf’s consumption of alcohol and speeding. The
trial court found that while such evidence was relevant, it was substantially more prejudicial than
probative and ruled that Appellants would be allowed to make an offer of proof concerning the
excluded evidence outside the presence of the jury.
            During trial, Appellants presented several offers of testimonial proof from witnesses
regarding evidence of Metcalf’s consumption of alcohol and speeding. After considering the various
offers of proof, the trial court repeatedly found that the probative value of the evidence of Metcalf’s
alcohol consumption and speeding was substantially outweighed by the danger of unfair prejudice.
            Having reviewed Appellants’ offers of proof, we conclude that Appellants presented the
nature of the evidence with enough specificity both for the trial court to make its ruling and for this
court to determine its admissibility and assess harm arising from any improper evidentiary exclusion. 
The offers of proof established the testimony that would have been presented to the jury had the trial
court not excluded it. Thus, the offers of proof adequately preserved Appellants’ arguments
regarding the admissibility of the testimonial evidence concerning Metcalf’s consumption of alcohol
and speeding.
            Appellees argue that where a party offers bulk testimony, some of which is admissible and
some of which is not, it cannot complain when the entire offer is refused. See Carreon v. Nat'l
Standard Ins. Co., No. 01-85-0233-CV, 1986 WL 20850, at *5 (Tex. App.–Houston [1st Dist.]
July 31, 1986, writ ref'd n.r.e.) (not designated for publication) (citing Tex. Emp. Ins. Ass’n v.
Garza, 557 S.W.2d 843, 847 (Tex. Civ. App.–Corpus Christi 1977, writ ref’d n.r.e.)); see also Case
Corp. v. Hi-Class Bus. Sys, 184 S.W.3d 760, 783 (Tex. App.–Dallas 2005, pet. denied); Powell v.
Powell, 554 S.W.2d 850, 855 (Tex. Civ. App.–Tyler 1977, writ ref’d n.r.e.). Thus, Appellees
contend that the trial court properly refused Appellants’ en masse offers of proof. 
            While Appellants’ testimonial offers of proof were numerous, from our review of the record,
it appears that the trial court was able to reasonably discern from the offered testimony the nature
of the evidence and consider such evidence in light of its previous ruling. And though single offers
of proof from a witness may have elicited testimony concerning multiple classifications of excluded
evidence, i.e., evidence concerning both Metcalf’s consumption of alcohol and his speeding, the trial
court was not prevented from differentiating between such testimony and making separate rulings
on the same. So, too, are we able to consider separate categories of excluded evidence even though
Appellants did not segregate its offers of proof by category of excluded evidence. And while both
the trial court’s, as well as our own, ability to differentiate among varying categories of excluded
testimonial evidence under an unpartitioned offer of proof will ultimately depend on the facts at
hand, we conclude that in the instant case, Appellants properly preserved the error, if any, regarding
the excluded testimonial evidence of which they now complain.
 

Relevance of Evidence of Metcalf’s Alcohol Consumption
            Appellees next argue that the evidence of Metcalf’s alcohol consumption had no relevance
to the accident.


 We review a trial court’s exclusion of evidence for abuse of discretion. See id. A
trial court does not abuse its discretion as long as its decision is within the zone of reasonable
disagreement. Natural Gas Pipeline Co. of Am. v. Pool, 30 S.W.3d 618, 632 (Tex. App.–Amarillo
2000), rev’d on other grounds, 124 S.W.3d 188 (Tex. 2003). A trial court abuses its discretion when
its decision is unreasonable, arbitrary, or without regard for any guiding rules or principles. Lively,
51 S.W.3d at 641.  
            “Relevant evidence” means evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more or less probable than it would be
without the evidence. See Tex. R. Evid. 401. If there is some logical connection either directly or
by inference between the evidence and a fact to be proved, the evidence is relevant. Pool, 30 S.W.3d
at 632. Evidence that is not relevant is inadmissible. Tex. R. Evid. 402. 
            To establish negligence, a party must produce evidence that (1) another party owed a legal
duty, (2) the other party breached that duty, and (3) damages were proximately caused by such
breach. See Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001). Proximate cause
requires proof of both cause in fact and foreseeability. See Excel Corp. v. Apodaca, 81 S.W.3d 817,
820 (Tex. 2002). Cause in fact further requires proof that the act or omission was a substantial factor
in causing the injury “without which the harm would not have occurred.” See Doe v. Boys Clubs
of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995). To be a substantial factor, the act or
omission must have such an effect in producing the harm as to lead reasonable men to regard it as
a cause, using that word in the popular sense, in which there always lurks the idea of responsibility,
instead of simply the so called philosophic sense, which includes every one of the great number of
events without which any happening would not have occurred. See Union Pump Co. v. Allbritton,
898 S.W.2d 773, 776 (Tex. 1995) (quoting Restatement (Second) of Torts § 431 cmt. a (1965)). 
Foreseeability requires that the negligent actor anticipated, or should have anticipated, the danger
his or her negligence creates. El Chico Corp. v. Poole, 732 S.W.2d 306, 313 (Tex. 1987). The exact
injury need not be foreseen, but instead foreseeability is satisfied when the injury is of a general
character that could reasonably be anticipated. Lee Lewis Constr., 70 S.W.3d at 785.
            The tragic relationship between intoxicated drivers and motor vehicle accidents is
unquestionable. See Dagley v. Thompson, 156 S.W.3d 589, 592 (Tex. App.–Tyler 2003, pet.
denied). A motor vehicle driver’s intoxication is an impairment. Thus, evidence of a driver’s
intoxication is probative evidence to be considered in connection with that driver’s driving ability,
vigilance, judgment, reactions, and similar matters. Id. Although intoxication alone does not mean
that the driver was negligent, when combined with another act, it can be an evidentiary fact to be
considered by the jury in determining whether the driver committed an act of comparative
negligence. Id.
            Here, Appellants presented testimonial evidence that Metcalf had consumed approximately
eight to ten beers on the night of the accident.


 Moreover, Appellants presented testimonial evidence
that the accident could have been avoided had Metcalf steered his vehicle to the right to avoid
Weatherly’s trailer, and that in failing to do so, Metcalf caused the accident. Thus, Metcalf’s
consumption of alcohol was relevant in conjunction with evidence concerning his failure to steer his
vehicle away from Weatherly’s trailer, a matter concerning his vigilance, judgment, and reactions
as a driver.


 Therefore, we conclude that Metcalf’s consumption of alcohol was relevant to the
element of causation. 
Probative Value versus Unfair Prejudice
            We next consider whether the relevance of the excluded evidence of Metcalf’s consumption
of alcohol was substantially outweighed by the danger of its unfairly prejudicial effect. Although
evidence may be relevant, a trial court may properly exclude it if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See
Tex. R. Evid. 403. “[T]estimony is not inadmissible on the sole ground that it is ‘prejudicial’
because in our adversarial system, much of a proponent’s evidence is legitimately intended to wound
the opponent.” Bay Area Healthcare Group, Ltd. v. McShane, 239 S.W.3d 231, 234 (Tex. 2007). 
            In the instant case, the trial court found that the probative value of the evidence was
outweighed by the danger of its unfairly prejudicial effect. We disagree. The probative value of
evidence of Metcalf’s consumption of alcohol is great. Metcalf’s ability to control his vehicle was
critical to the issue of probable cause, and as it relates thereto, evidence of his consumption of
alcohol was highly probative on that issue as well. See Dagley, 156 S.W.3d at 592. And though in
some instances, evidence is unfairly prejudicial where it serves to confuse the issues presented to the
jury, see Tex. R. Evid. 403, here, evidence of Metcalf’s consumption of alcohol does the opposite
because it clarifies for the jury a potential reason concerning why Metcalf failed to take action to
avoid Weatherly’s trailer. We do not discount the prejudicial nature of evidence of a plaintiff’s
consumption of alcohol. Yet, in the instant case, the danger that the jury may derive unfair negative
connotations from such evidence does not substantially outweigh the probative value of the evidence
because it serves to provide the jury with a clearer understanding of the evidence of Metcalf’s driving
ability, vigilance, judgment, and ability to react at the time of the accident. See Dagley, 156 S.W.3d
at 592. Thus, we conclude that any unfair prejudice related to evidence of Metcalf’s consumption
of alcohol does not substantially outweigh its probative value. Therefore, we hold that the trial court
abused its discretion in excluding such evidence.


 
 
Harm Analysis
            We next consider whether the trial court’s exclusion of the evidence concerning Metcalf’s
consumption of alcohol requires reversal. In order to reverse a judgment based on error in the
admission or exclusion of evidence, we must conclude that the error affected a substantial right,
thereby probably causing the rendition of an improper judgment. See Tex. R. Evid. 103(a); Nissan
Motor Co. v. Armstrong, 145 S.W.3d 131, 144 (Tex. 2004). In order to make this determination,
we review the entire record and require the complaining party to demonstrate that the judgment turns
on the particular evidence admitted or excluded. Id. 
            Appellees argue that the jury plainly rejected Appellants’ suggestions that Metcalf was
negligent for not moving to the extreme right hand edge of the pavement merely because he saw a
truck’s headlights in the opposite lane of travel. Yet, Appellees’ argument ignores the fact that the
jury did not have before it evidence of Metcalf’s consumption of alcohol. Thus, believing Metcalf
to be sober, the jury declined to find Metcalf negligent. It does not follow that the jury, had it been
aware that Metcalf’s judgment and perception may have been affected by his consumption of
alcohol,


 would have nonetheless declined to find Metcalf negligent. To the contrary, from our
review of the record as a whole, we conclude that the judgment turned on evidence of Metcalf’s
consumption of alcohol. Thus, we hold that as a result of the exclusion of the evidence of Metcalf’s
alcohol consumption, the judgment rendered was improper. Appellants’ first issue is sustained to
the extent it relates to evidence of Metcalf’s consumption of alcohol.



 
Disposition
            Having sustained Appellants’ first issue in part, we reverse the trial court’s judgment and
remand the cause for a new trial.
 
                                                                                                    BRIAN HOYLE 
                                                                                                               Justice
 
Opinion delivered May 7, 2008.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.


(PUBLISH)