**PPC TRANSPORTATION and Hugh Parker Weatherly, Appellants,**

v.

**Luke METCALF, Amanda Gann and Craig Estes, Appellees.**

**No. 12–06–00383–CV.**

Court of Appeals of Texas, Tyler.

May 7, 2008.

Rehearing Overruled June 16, 2008.

Joe D. Clayton, Deborah Smith McClure, for Appellant.

Don Wheeler, Andy Tindel, Darrin Walker, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

PPC Transportation Company and Hugh Parker Weatherly appeal the trial court's judgment entered in favor of Appellees Luke Metcalf, Amanda Gann, and Craig Estes. Appellants raise seven issues on appeal. We reverse and remand.

### BACKGROUND

From late at night on July 28, 2005 until early morning on July 29, 2005, Metcalf, Gann, Estes, Kenneth Blackwell, and Patrick Hendrick congregated on a dirt road and drank beer near Center, Texas. At approximately 2:00 a.m., the group decided to drive to Taco Bell in Center, Texas. Metcalf, who had consumed approximately eight to ten beers, drove his truck with Gann, Estes, and Blackwell as passengers. Hendrick followed in his vehicle.

At the same time, Weatherly was driving a tractor trailer to the 24–7 Farm, an area chicken farm, to pick up chickens for Pilgrim's Pride. After Weatherly missed the turn for the 24–7 Farm, he stopped his truck and backed up. Once Weatherly had backed up, the tractor was in the correct lane, but, unbeknownst to him, the trailer was in the lane intended for oncoming traffic as Weatherly waited to turn into the 24–7 Farm.

As Metcalf approached, he noticed the headlights of a large truck. Unaware that the truck's trailer was protruding into his lane, Metcalf, who was exceeding the speed limit, neither reduced his speed nor steered away from the centerline.[1] As he passed, Metcalf's truck hit the trailer, which was still in his lane of travel. Metcalf, Gann, and Estes were all injured as a result of the accident.

Metcalf, Gann, and Estes filed suit against Weatherly and his employer, PPC, alleging that Weatherly caused the accident and their resulting injuries.[2] As an affirmative defense, Weatherly and PPC alleged that the accident was caused by the negligence of Metcalf, Gann, and Estes. At trial, Appellants attempted to introduce evidence regarding Metcalf's alcohol consumption as well as evidence re-

---

**1.** The record reflects that Metcalf accelerated as he attempted to pass Weatherly.

**2.** Blackwell intervened in the suit, but settled prior to trial.

garding Metcalf's driving at an excessive rate of speed. The trial court excluded such evidence, finding that the prejudicial impact of such evidence substantially outweighed its probative value. Weatherly and PPC subsequently presented the excluded evidence to the trial court outside the jury's presence by multiple offers of proof. Yet the trial court again refused to admit the evidence concluding that the danger of unfair prejudice substantially outweighed the probative value of the evidence.

The jury ultimately found Appellants liable for Appellees' injuries. The trial court entered judgment on the jury's verdict, and this appeal followed.

### EXCLUSION OF EVIDENCE

In a portion of their first issue, Appellants argue that the trial court improperly excluded evidence related to Metcalf's consumption of alcohol. Appellees initially argue that Appellants failed to preserve the error of which they now complain. Appellees further contend that the evidence was not relevant because none of the conduct to which it relates was a proximate cause of the accident. Moreover, Appellees argue that any probative value of the excluded evidence was substantially outweighed by the danger of unfair prejudice. Finally, Appellees contend that the trial court's exclusion of such evidence was not harmful to Appellants.

#### *Preservation of Error*

 Appellees initially contend that Appellants failed to preserve error regarding the excluded evidence. We disagree. When a trial court improperly excludes evidence, a party must show that the error affects a substantial right of the party and the substance of the error was made known to the court by offer, or was apparent from the context within which the objection was made. TEX.R. EVID. 103(a).

To preserve a complaint for appellate review, a party must present the complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* TEX.R.APP. P. 33.1. This rule ensures that the trial court has had the opportunity to rule on matters for which parties later seek appellate review. *In re E. Tex. Med. Ctr. Athens,* 154 S.W.3d 933, 936 (Tex.App.-Tyler 2005, orig. proceeding). A secondary purpose of the rule is to permit the trial judge to reconsider his ruling in light of the actual evidence. *See Ludlow v. DeBerry,* 959 S.W.2d 265, 270 (Tex.App.-Houston [14 Dist.] 1997, no pet.). It follows that the party must present the nature of the evidence with enough specificity that an appellate court can determine its admissibility and whether any exclusion was harmful. *See In re N.R.C.,* 94 S.W.3d 799, 806 (Tex. App.-Houston [14th Dist.] 2002, pet. denied); *DeBerry,* 959 S.W.2d at 270.

In the case at hand, prior to trial, the trial court conducted a hearing during which it considered Appellees' motion to exclude evidence concerning Metcalf's consumption of alcohol and speeding. At the conclusion of the hearing, the trial court excluded such evidence, but indicated that its ruling could change in light of evidence presented at trial. At the outset of trial, the trial court reaffirmed its decision concerning evidence of Metcalf's consumption of alcohol and speeding. The trial court found that while such evidence was relevant, it was substantially more prejudicial than probative and ruled that Appellants would be allowed to make an offer of proof concerning the excluded evidence outside the presence of the jury.

During trial, Appellants presented several offers of testimonial proof from wit-

nesses regarding evidence of Metcalf's consumption of alcohol and speeding. After considering the various offers of proof, the trial court repeatedly found that the probative value of the evidence of Metcalf's alcohol consumption and speeding was substantially outweighed by the danger of unfair prejudice.

Having reviewed Appellants' offers of proof, we conclude that Appellants presented the nature of the evidence with enough specificity both for the trial court to make its ruling and for this court to determine its admissibility and assess harm arising from any improper evidentiary exclusion. The offers of proof established the testimony that would have been presented to the jury had the trial court not excluded it. Thus, the offers of proof adequately preserved Appellants' arguments regarding the admissibility of the testimonial evidence concerning Metcalf's consumption of alcohol and speeding.

Appellees argue that where a party offers bulk testimony, some of which is admissible and some of which is not, it cannot complain when the entire offer is refused. *See Carreon v. Nat'l Standard Ins. Co.*, No. 01–85–0233–CV, 1986 WL 20850, at *5 (Tex.App.-Houston [1st Dist.] July 31, 1986, writ ref'd n.r.e.) (not designated for publication) (citing *Tex. Emp. Ins. Ass'n v. Garza*, 557 S.W.2d 843, 847 (Tex.Civ.App.-Corpus Christi 1977, writ ref'd n.r.e.)); *see also Case Corp. v. Hi–Class Bus. Sys.*, 184 S.W.3d 760, 783 (Tex.App.-Dallas 2005, pet. denied); *Powell v. Powell*, 554 S.W.2d 850, 855 (Tex.Civ.App.-Tyler 1977, writ ref'd n.r.e.). Thus, Appellees contend that the trial court properly refused Appellants' en masse offers of proof.

While Appellants' testimonial offers of proof were numerous, from our review of the record, it appears that the trial court was able to reasonably discern from the offered testimony the nature of the evidence and consider such evidence in light of its previous ruling. And though single offers of proof from a witness may have elicited testimony concerning multiple classifications of excluded evidence, i.e., evidence concerning both Metcalf's consumption of alcohol and his speeding, the trial court was not prevented from differentiating between such testimony and making separate rulings on the same. So, too, are we able to consider separate categories of excluded evidence even though Appellants did not segregate its offers of proof by category of excluded evidence. And while both the trial court's, as well as our own, ability to differentiate among varying categories of excluded testimonial evidence under an unpartitioned offer of proof will ultimately depend on the facts at hand, we conclude that in the instant case, Appellants properly preserved the error, if any, regarding the excluded testimonial evidence of which they now complain.

### Relevance of Evidence of Metcalf's Alcohol Consumption

■ Appellees next argue that the evidence of Metcalf's alcohol consumption had no relevance to the accident.[3] We review a trial court's exclusion of evidence for abuse of discretion. *See id.* A trial court does not abuse its discretion as long as its decision is within the zone of reasonable disagreement. *Natural Gas Pipeline Co. of Am. v. Pool*, 30 S.W.3d 618, 632 (Tex.App.-Amarillo 2000), *rev'd on other grounds*, 124 S.W.3d 188 (Tex.2003). A trial court abuses its discretion when its

3. Although the trial court indicated that its exclusion of evidence was based on its prejudicial nature, we will uphold a trial court's evidentiary ruling if there was any proper ground for the ruling. *See Lively v. Blackwell*, 51 S.W.3d 637, 641 (Tex.App.-Tyler 2001, pet. denied).

decision is unreasonable, arbitrary, or without regard for any guiding rules or principles. *Lively*, 51 S.W.3d at 641.

■ "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. *See* Tex.R. Evid. 401. If there is some logical connection either directly or by inference between the evidence and a fact to be proved, the evidence is relevant. *Pool*, 30 S.W.3d at 632. Evidence that is not relevant is inadmissible. Tex.R. Evid. 402.

■ To establish negligence, a party must produce evidence that (1) another party owed a legal duty, (2) the other party breached that duty, and (3) damages were proximately caused by such breach. *See Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex.2001). Proximate cause requires proof of both cause in fact and foreseeability. *See Excel Corp. v. Apodaca*, 81 S.W.3d 817, 820 (Tex.2002). Cause in fact further requires proof that the act or omission was a substantial factor in causing the injury "without which the harm would not have occurred." *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). To be a substantial factor, the act or omission must have such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility, instead of simply the so called philosophic sense, which includes every one of the great number of events without which any happening would not have occurred. *See Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex.1995)

(quoting Restatement (Second) of Torts § 431 cmt. a (1965)). Foreseeability requires that the negligent actor anticipated, or should have anticipated, the danger his or her negligence creates. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex.1987). The exact injury need not be foreseen, but instead foreseeability is satisfied when the injury is of a general character that could reasonably be anticipated. *Lee Lewis Constr.*, 70 S.W.3d at 785.

■ The tragic relationship between intoxicated drivers and motor vehicle accidents is unquestionable. *See Dagley v. Thompson*, 156 S.W.3d 589, 592 (Tex.App.-Tyler 2003, pet. denied). A motor vehicle driver's intoxication is an impairment. Thus, evidence of a driver's intoxication is probative evidence to be considered in connection with that driver's driving ability, vigilance, judgment, reactions, and similar matters. *Id.* Although intoxication alone does not mean that the driver was negligent, when combined with another act, it can be an evidentiary fact to be considered by the jury in determining whether the driver committed an act of comparative negligence. *Id.*

Here, Appellants presented testimonial evidence that Metcalf had consumed approximately eight to ten beers on the night of the accident.[4] Moreover, Appellants presented testimonial evidence that the accident could have been avoided had Metcalf steered his vehicle to the right to avoid Weatherly's trailer, and that in failing to do so, Metcalf caused the accident. Thus, Metcalf's consumption of alcohol was relevant in conjunction with evidence concerning his failure to steer his vehicle away from Weatherly's trailer, a matter concerning his vigilance, judgment, and re-

---

4. We know by common knowledge that alcohol distorts perception, slows reaction, and impairs motor skills. *See Dagley*, 156 S.W.3d at 592 (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987)).

actions as a driver.[5] Therefore, we conclude that Metcalf's consumption of alcohol was relevant to the element of causation.

**Probative Value versus Unfair Prejudice**

 We next consider whether the relevance of the excluded evidence of Metcalf's consumption of alcohol was substantially outweighed by the danger of its unfairly prejudicial effect. Although evidence may be relevant, a trial court may properly exclude it if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* TEX.R. EVID. 403. "[T]estimony is not inadmissible on the sole ground that it is 'prejudicial' because in our adversarial system, much of a proponent's evidence is legitimately intended to wound the opponent." *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex.2007).

In the instant case, the trial court found that the probative value of the evidence was outweighed by the danger of its unfairly prejudicial effect. We disagree. The probative value of evidence of Metcalf's consumption of alcohol is great. Metcalf's ability to control his vehicle was critical to the issue of probable cause, and as it relates thereto, evidence of his consumption of alcohol was highly probative on that issue as well. *See Dagley*, 156 S.W.3d at 592. And though in some instances, evidence is unfairly prejudicial where it serves to confuse the issues presented to the jury, *see* TEX.R. EVID. 403, here, evidence of Metcalf's consumption of alcohol does the opposite because it clarifies for the jury a potential reason con-

cerning why Metcalf failed to take action to avoid Weatherly's trailer. We do not discount the prejudicial nature of evidence of a plaintiff's consumption of alcohol. Yet, in the instant case, the danger that the jury may derive unfair negative connotations from such evidence does not substantially outweigh the probative value of the evidence because it serves to provide the jury with a clearer understanding of the evidence of Metcalf's driving ability, vigilance, judgment, and ability to react at the time of the accident. *See Dagley*, 156 S.W.3d at 592. Thus, we conclude that any unfair prejudice related to evidence of Metcalf's consumption of alcohol does not substantially outweigh its probative value. Therefore, we hold that the trial court abused its discretion in excluding such evidence.[6]

*HARM ANALYSIS*

 We next consider whether the trial court's exclusion of the evidence concerning Metcalf's consumption of alcohol requires reversal. In order to reverse a judgment based on error in the admission or exclusion of evidence, we must conclude that the error affected a substantial right, thereby probably causing the rendition of an improper judgment. *See* TEX.R. EVID. 103(a); *Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex.2004). In order to make this determination, we review the entire record and require the complaining party to demonstrate that the judgment turns on the particular evidence admitted or excluded. *Id.*

---

**5.** Additionally, Appellants presented evidence that Metcalf steered his vehicle to the left toward Weatherly's trailer as he attempted to pass. This evidence may also be considered in conjunction with Metcalf's intoxication because it pertains to his vigilance, judgment, and reactions as a driver.

**6.** Because the testimonial evidence presented by Appellants establishes that the trial court abused its discretion in excluding evidence of Metcalf's consumption of alcohol and speed, we need not examine the documentary evidence presented in the offers of proof.

Appellees argue that the jury plainly rejected Appellants' suggestions that Metcalf was negligent for not moving to the extreme right hand edge of the pavement merely because he saw a truck's headlights in the opposite lane of travel. Yet, Appellees' argument ignores the fact that the jury did not have before it evidence of Metcalf's consumption of alcohol. Thus, believing Metcalf to be sober, the jury declined to find Metcalf negligent. It does not follow that the jury, had it been aware that Metcalf's judgment and perception may have been affected by his consumption of alcohol,[7] would have nonetheless declined to find Metcalf negligent. To the contrary, from our review of the record as a whole, we conclude that the judgment turned on evidence of Metcalf's consumption of alcohol. Thus, we hold that as a result of the exclusion of the evidence of Metcalf's alcohol consumption, the judgment rendered was improper. Appellants' first issue is sustained to the extent it relates to evidence of Metcalf's consumption of alcohol.[8]

### DISPOSITION

Having sustained Appellants' first issue in part, we *reverse* the trial court's judgment and *remand* the cause for a new trial.

---

7. *See* n. 4.

8. The admissibility of evidence of Metcalf's speeding was a hotly contested issue both in the trial of this case and on appeal. Inasmuch as our holding with regard to a portion of Appellants' first issue is dispositive of this appeal, we do not reach Appellants' remaining issues. However, we recognize the likelihood that the issue of Metcalf's speed will be revisited upon retrial. As such, we note that our declining to consider Appellants' second issue should not be interpreted as our discounting the theories of admissibility raised in Appellants' brief or as an implicit holding that such evidence was properly excluded under Texas Rules of Evidence 401, 402, or 403.